243 A.2d 738.

Joyce E. (Tibaldi) Caprio *vs.* Fanning & Doorley Construction Co., Inc. *et al.*

JUNE 18, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J. This case is before us on the plaintiff's appeal from a judgment of the superior court dismissing her action against each of the defendants. The pertinent facts are as follows.

On February 3, 1964, plaintiff sustained personal injuries in a motor vehicle collision in the city of Providence. On February 3, 1966, the last day of the two-year statute of limitations for personal injuries under G. L. 1956, §9-1-14,

plaintiff filed a complaint in the superior court alleging that the collision was caused by defendants' negligence. On February 27, 1967, plaintiff issued a separate summons for service upon each of the defendants who were, in turn, served with process on March 8, 1967. The defendant construction company filed an answer on March 27, 1967, while defendant Providence Journal Company failed to file an answer. Each summons was filed in the office of the clerk of the superior court on April 13, 1967.

On March 27, 1967, defendant Providence Journal Company, filed a motion to dismiss, the grounds thereof being that plaintiff had failed to exihibit due diligence in the prosecution of her action and had failed to properly serve defendant with process. On April 5, 1967, defendant construction company likewise filed a motion to dismiss alleging as grounds for dismissal plaintiff's lack of due diligence in prosecuting her action. The defendant alleged that plaintiff's failure to issue a summons until more than one year after her complaint had been filed had resulted in prejudice to it. It is undisputed that both defendants were at all times available for service within the state.

A justice of the superior court, after hearing both motions, rendered a written decision granting each of them. He based his decision on the theory that the superior court has the inherent power to dismiss such actions for want of prosecution. The issue raised by this appeal is whether the superior court has the power under its rules of civil procedure to dismiss an action when a plaintiff issues service of process upon a defendant more than one year after the expiration period of the statute of limitations and more than one year after the filing of a complaint.

We consider first the question concerning the statute of limitations. Under rule 3 of the rules of civil procedure of the superior court, an action can be commenced by one of three ways.

"A civil action is commenced (1) by filing a complaint with the court together with payment of the entry fee prescribed by law, or (2) by depositing the complaint with said fee in the mail addressed to the clerk, or (3) by delivery of a summons and complaint to an officer for service. * * *"

For the purposes of the statute of limitations

"An action is commenced * * * when the complaint is either filed with the court, deposited in the mail addressed to the clerk or delivered to an officer for service."

General laws 1956, §9-1-12, as amended. We conclude, therefore, that plaintiff has tolled the statute of limitations in this action by having filed her complaint on February 3, 1966, the last day available to her under such statute.

The next question for our consideration, therefore, is whether the trial justice abused his discretion in dismissing plaintiff's action for want of prosecution. We hold that the trial justice did not abuse his discretion in dismissing plaintiff's action but for different reasons than stated by him. Rule 4 of the rules of civil procedure deals expressly with the service of process. A careful reading of this rule shows that nowhere is there an express provision requiring a plaintiff to issue a summons for service within a certain time period after he has filed his complaint.[1] Rule 4 (b) states only that

"* * * The plaintiff's attorney shall deliver to the person who is to make service the original summons upon which to make his return of service and a copy of the summons and of the complaint for service upon the defendant. * * *"

It is implicit in this rule, however, that the issuance of process must be made within a reasonable time after a complaint has been filed, absent a showing by the plaintiff that

---

[1]Nor does any such provision exist in rule 4 of the federal rules of civil procedure.

such delay was excusable. The rules of civil procedure cannot be read in a vacuum; they must be read in light of the purposes for which they were enacted. Rule 1 states that the rules of civil procedure of the superior court "* *'* shall be construed to secure the just, speedy, and inexpensive determination of every action." To construe rule 4 (b) in any other manner would violate this directive.

In the circumstances of this case we cannot say that plaintiff issued process within a reasonable time after she filed her complaint. As we have stated previously more than a year had elapsed from the time she filed her complaint to the time she issued process. Nor can we say that plaintiff has presented evidence which would justify rendering the aforesaid delay excusable.

Under rule 41 (b) (2) of the rules of civil procedure the court may exercise its discretion and dismiss, on motion of the defendant, "* * * any action for failure of the plaintiff to comply with these rules * * *." Inasmuch as the plaintiff has failed to comply with the implicit requirement of rule 4 (b) that process must be issued within a reasonable time after a complaint has been filed absent a showing by the plaintiff that such delay was excusable, we hold that the trial justice did not abuse his discretion in dismissing the plaintiff's action.

For the above-stated reasons, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Frank Caprio, Harold I. Kessler,* for plaintiff.

*Charles J. McGovern,* attorney for Fanning & Doorley Construction Co., Inc.; *Keenan, Rice & Dolan, Leonard A. Kiernan, Jr., John W. Kershaw,* attorneys for Providence Journal Company, for defendants.