262 A.2d 834.

MURIEL V. BARTON *et al. vs.* YVONNE D'ATTORRO *et al.*

MARCH 12, 1970.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This civil action for negligence was commenced October 5, 1966, by the filing of a complaint in the Superior Court as authorized by Rule 3 of the Superior Court Rules of Civil Procedure.[1] On the same day a summons was delivered to the sheriff to be served on the defendants at 42 Woonasquatucket Avenue in the city of Providence. Within several days, however, the summons was returned to plaintiffs' counsel by the sheriff, the defendants not being found at the address given. On October 20, 1966, with the street address remaining unchanged, the summons was again delivered to the sheriff with directions to serve it on the defendants in North Providence. This process was similarly returned, service not having been made.

Thereafter, on March 14, 1969, some 29 months after the last summons had been returned, plaintiffs delivered a summons to the sheriff for service on defendants at 93 Jacksonia Drive, North Providence, where they were served on March 17, 1969. The completed service was filed in the Superior Court on March 21, 1969. It is to be noted that the issuance of these summonses to the sheriff was made in accordance with the requirements of Rule 4(b) of the Superior Court Rules of Civil Procedure.[2]

---

[1]The pertinent provision of Rule 3 is as follows:

"A civil action is commenced (1) by filing a complaint with the court together with payment of the entry fee prescribed by law * * *."

[2]This provision is as follows:

"(b) Same: Issuance. The summons may be procured in blank from the clerk and shall be filled out by the plaintiff's attorney as provided in subdivision (a) of this rule. The plaintiff's attorney shall deliver to the person who is to make service the original summons upon which to make his return of service and a copy of the summons and of the complaint for service upon the defendant. Additional summons may be issued against any defendant."

On April 8, 1969, defendants filed a motion to dismiss under Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, stating as grounds therefor noncompliance by plaintiffs with the Superior Court Rules of Civil Procedure. This motion was heard by a Superior Court justice on affidavits of the parties, and on July 11, 1969, said justice rendered a decision for defendants in accordance with which an order was duly entered. From the final judgment thus entered against them, plaintiffs prosecuted an appeal to this court.

The pertinent facts and travel of the cause are readily stated. The defendants, who are husband and wife, were residing in North Grafton, Massachusetts on October 7, 1964, when there occurred at their home the incident on which this action for negligence is predicated. However, on July 4, 1965, defendants moved to this state where they took up residence at 42 Woonasquatucket Avenue, Providence, where they resided until August 1966, in which month they moved to 93 Jacksonia Drive, North Providence, the address at which they were eventually served. It is uncontroverted that on moving to this state defendants registered two cars with the Rhode Island Registry of Motor Vehicles, where their Providence address could have been obtained until they moved to North Providence in August of 1966. It is also uncontroverted that, on moving to North Providence in August 1966, this latter address was listed with the Registry of Motor Vehicles where it could have been obtained anytime after August 1966 until some time in March 1969 when, according to plaintiffs, defendants' address was determined at the registry.

Thus, although plaintiffs may have had understandable difficulty in locating defendants at the time the first two summonses were issued, the source of information on which plaintiffs ultimately relied was available to them throughout the years 1967 and 1968. In explanation of the lapse

of time between the return of the second summons in October 1966, and the third issuance of process in March 1969, plaintiffs furnished an affidavit, by counsel, wherein it is alleged that, throughout the period in question, diligent and repeated efforts were made to locate defendants.

The Superior Court justice found in substance, that since the information on the basis of which plaintiffs succeeded in effectuating service in March 1969, had been equally available for more than two years prior to the issuance of this third summons, plaintiffs had not exercised the diligence contemplated by Rule 3 of the Superior Court Rules of Civil Procedure, compliance with which the statute of limitations is tolled, and Rule 4(b) of said rules whereby defendants are given notice of the action commenced against them. So doing, he referred to *Caprio* v. *Fanning & Doorley Construction Co.*, 104 R. I. 197, 243 A.2d 738, wherein this court held that, although not expressly stated therein, the Superior Court Rules of Civil Procedure contemplated the issuance of process within a reasonable time from the filing of the complaint.

In support of their reasons of appeal, plaintiffs make two contentions. First, and primarily, they argue that under Rule 41(b) the Superior Court justice lacked jurisdiction to grant defendants' motion to dismiss.

Rule 41(b) in pertinent part, is as follows:

"(b) Involuntary Dismissal: Effect Thereof.

"(1) *On Court's Own Motion.* The court may, at any time, in its discretion, dismiss any action for lack of prosecution which has been pending for more than 5 years. Notice that an action will be in order for dismissal on a day certain shall be mailed to the plaintiff's attorney of record, or if there be none to the plaintiff if his address be known. Otherwise such notice shall be published as directed by the court and in accordance with statutory provisions.

"(2) *On Motion of the Defendant.* On motion of the defendant the court may, in its discretion, dismiss

any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in Rule 52(a)."

It is plaintiffs' position that paragraphs 1 and 2 are to be read together. Hence, they contend, that the jurisdiction of a Superior Court justice to dismiss an action for failure to comply with that court's Rules of Civil Procedure, as set forth in the second paragraph of Rule 41(b), does not vest until after the passage of the five-year period specifically stated in Rule 41(b)(1). This contention represents a misconception of both text and purpose of Rule 41(b).

Rule 41(b)(1) is a restatement, insofar as it relates to the Superior Court, of the legislative authorization to that court to dismiss cases that had remained inactive for more than five years as enacted by P. L. 1957, chap. 125, sec. 1. This enactment also contemplated the dismissal of stale cases on the motion of a party, but again only after the litigation in question remained unresolved for a period of five years, and the record disclosed that, for inexcusable inactivity by the party against whom the motion is made, the granting of the motion would not constitute an abuse of discretion. In short, under P. L. 1957, chap. 125, sec. 1, the jurisdiction of the court to dismiss sua sponte, or on the motion of a party for lack of prosecution, did not at-

tach until inactivity had existed for a period of more than five years.

However, with the enactment of P. L. 1965, chap. 55, sec. 1, et seq., and the Superior Court Rules of Civil Procedure promulgated thereunder, Rule 41(b)(1) retained the five-year-condition-precedent provision as to the jurisdiction of the Superior Court to dismiss, sua sponte, for lack of prosecution. This contemplated a method whereby the Superior Court could eliminate from its docket cases in which the parties were seemingly no longer interested.

On the other hand, Rule 41(b)(2) was designed to expand the jurisdiction of the Superior Court to dismiss a case on motion by defendant for noncompliance with the rules of the court. No extended discussion is necessary to demonstrate that this is an area in which time, in and of itself, is not of the essence. It was on the ground of noncompliance with Rules 3 and 4(b) that the instant defendants based, and the Superior Court justice granted, their motion to dismiss. The granting of that motion, insofar as it related to the court's jurisdiction to do so, was clearly within the contemplation of Rule 41(b)(2).

Even so, plaintiffs further contend, the record establishes that they had not failed to comply with Rules 3 and 4(b), and that the reliance of the Superior Court justice on *Caprio* v. *Fanning & Doorley Construction Co.*, *supra*, was misplaced. In advancing this argument, plaintiffs stress the holding of this court in that case to the effect that Rule 4(b) requires the *issuance of process* (italics ours) called for by Rule 4(b) within a reasonable time after the filing of a complaint under Rule 3. They point to the fact in *Caprio* that the summons was not delivered to the serving officer, hence issued, until some 13 months after the filing of the complaint, whereas in the instant case a summons was delivered to the serving officer on the same day that the complaint was filed.

In urging this factual distinction, plaintiffs argue that, having delivered a summons to the sheriff, they should not be responsible for control of the process thereafter. We think it clear, however, that when a summons has been returned unserved to the plaintiff, it is incumbent upon him to exercise reasonable diligence to obtain more reliable information as to defendant's whereabouts and again deliver the process to the appropriate officer for service. Absent such diligence, an unreasonable delay in obtaining service whereby a defendant becomes aware of the action pending against him, the Superior Court does not abuse its discretion in granting a defendant's motion to dismiss for failure to comply with Rule 4(b) of the Superior Court Rules of Civil Procedure.

In his learned commentaries on the cited rules, Professor Kent points out that before the appointment or promulgation of Rule 4(b), the idea of fixing a time within which service should be made and returned was given much consideration. This fixing of an arbitrary time certain was abandoned in favor of flexibility. Thus, by resorting to a standard of reasonableness, a diligent plaintiff would avoid having his case dismissed and, absent such diligence by plaintiff, a defendant would be entitled to dismissal. See 1 Kent, *Rhode Island Civil Practice*, §3.5.

It is against this determination and the time factors here present that we turn to a consideration of whether the Superior Court justice in the case at bar abused his discretion in granting defendant's motion. On three occasions, plaintiffs delivered a summons as required by Rule 4(b). The first such was delivered on the day the complaint was filed but returned unserved shortly thereafter. They then delivered a second summons to the sheriff which was likewise returned on October 20, 1966. Thereafter, they did not issue process until March 14, 1969, some 29 months after the second summons had been returned. Throughout

the years 1967 and 1968, defendants were listed in the telephone directory as residing at the address where service was obtained on March 17, 1969. Moreover, the address at which they were finally served was carried in the files of the Rhode Island Registry of Motor Vehicles for more than two and one half years prior to service, and it was from the registry files that plaintiffs obtained defendants' correct address.

Before granting the defendants' motion, the Superior Court justice afforded the plaintiffs an opportunity to explain by affidavit why, if any reasonable explanation were available, they could not have ascertained the defendants' address from the registry within a considerably shorter period than the more than two and one half years that actually elapsed. No such explanation being forthcoming, the Superior Court justice concluded that both the spirit and letter of Rule 41(b)(2) called for the exercise of his discretion favorably to the defendants. We agree.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

ROBERTS, C. J., did not participate.

*Pucci, Zito & Goldin, Samuel A. Olevson,* for plaintiffs.

*Roberts & McMahon, Richard P. McMahon,* for defendants.