**ASHLAND OIL & REFINING CO., Plaintiff,**

v.

**HOOKER CHEMICAL CORP., Defendant.**

**Civ. A. No. 3838.**

United States District Court, S. D. Ohio, W. D.

Oct. 14, 1970.

---

Bruce Tittel, Wood Herron & Evans, Cincinnati, Ohio, for plaintiff.

Roger J. Makley, Coolidge, Wall, Wood & Matusoff, Dayton, Ohio, for defendant.

## ORDER

WEINMAN, Chief Judge.

This cause came on to be considered upon the motion of the defendant, Hooker Chemical Corp., consisting of two branches as follows:

Branch I of said motion requests the Court to dismiss this action without prejudice for lack of prosecution and for failure of plaintiff to comply with Rules 3 and 4 of the Federal Rules of Civil Procedure.

In the event that Branch I of said motion is Denied, then and in the alternative Branch II of said motion requests the Court to stay the proceedings in this action pending the outcome of Case No.

70–C–1628 brought by Hooker Chemical against Ashland Oil in the United States District Court for the Northern District of Illinois.

The Court having carefully considered Branch I of said motion and being fully advised in the premises thereof finds that Branch I is not well taken and it hereby is denied.

In this action plaintiff Ashland Oil seeks a declaratory judgment that Hooker Patent No. 3,306,864 is invalid and not infringed by plaintiff. On April 27, 1970 plaintiff filed an original complaint in this Court but did not deliver instructions to the Marshal or additional copies of the complaint for the purpose of effecting service upon the defendant. Since the copies of the complaint required to effect service were not supplied by plaintiff, the Clerk of this Court did not issue summons. Affidavits filed with this Court show that plaintiff filed the original complaint in this Court because the officials of plaintiff believed that defendant was about to sue plaintiff for patent infringement and they desired that the controversy be determined in a convenient forum. The affidavits further show that plaintiff did not seek service on the original complaint filed April 27, 1970 because subsequent thereto settlement discussions were conducted between the parties and it was agreed by both sides that neither party would take active steps toward litigation.

In late June, Mr. Mudd of defendant Hooker indicated to the officials of plaintiff that Hooker was aware of Ashland's complaint filed in this Court and requested that the parties hold another settlement meeting. It was agreed that another meeting would be held on July 7, 1970 and Mr. Dillahunty of Ashland informed Mr. Mudd that Ashland would not serve its complaint until further negotiations were conducted. At the July 7 meeting Ashland made a settlement proposal to Hooker, While this meeting was in progress counsel for Hooker filed a patent infringement action against Ashland in the United States District Court for the Northern District of Illinois. Upon learning of the filing of this patent infringement action, counsel for plaintiff mailed to the Clerk of this Court copies of the original complaint and an amended complaint together with a request for the issuance of summons upon the defendant. Summons was issued and the original and amended complaints were served on the defendant on July 10, 1970.

■ Defendant contends that the conduct of plaintiff in delaying service upon defendant for two and one-half months after the filing of the complaint constitutes a violation of Rules 3, 4(a) and 4(d) of the Federal Rules of Civil Procedure requiring dismissal of the complaint.

Rule 3 provides: "A civil action is commenced by filing a complaint with the court." Rule 4(a) provides: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal * * *." Rule 4(d) provides: "The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. * * *"

Defendant argues that Federal Civil Procedure Rules 3 and 4 requiring issuance of summons "forthwith" and delivery thereof to the Marshal should be read together to make commencement of an action absolutely dependent upon the simultaneous delivery of instructions for issuance of summons and copies of the complaint for service with the filing of the complaint and that failure of plaintiff to seek immediate service of the complaint requires dismissal without prejudice.

The Court declines to follow the rigid rule of interpretation advanced by defendant. Rules 3 and 4(a) do not expressly require that a plaintiff simultaneously deliver instructions for issuance

of summons and copies of the complaint for service with the filing of a complaint in order to commence an action. The unequivocal language of Rule 3 makes it clear that a civil action is commenced by the filing of a complaint without reference to the time service is effected. Courts have read Rule 3 and Rule 4(a) together to conclude that an action was not properly commenced only in the limited situation where an inordinate delay in effecting service after the filing of the complaint substantially prejudiced the defendant. See Wright and Miller; Federal Practice and Procedure. Civil § 1086. While the Court does not approve of plaintiff's conduct in delaying the issuance of summons and service of the complaint, the Court is of the opinion that the defendant must make a showing of material prejudice in order to obtain dismissal of plaintiff's complaint.

By filing this motion to dismiss defendant is attempting to assure that this patent controversy will be adjudicated in the forum of its selection, the Northern District of Illinois. The only possible prejudice resulting from plaintiff's delay in obtaining service is that this action filed on April 27, 1970 is prior in time to the patent infringement action brought by defendant in the Northern District of Illinois on July 7, 1970 and under the holding of the Court of Appeals for the Sixth Circuit in Barber-Greene v. Blaw-Knox, 239 F.2d 774 (C. A. 6 1957) this action may be entitled to priority over the Chicago case and defendant will be unable to have its claims adjudicated in the forum of its selection. Adjudication of this controversy in the Southern District of Ohio instead of the Northern District of Illinois will not materially prejudice defendant. Defendant has filed its answer and counterclaim in this Court and has not contended that venue in this Court is improper. Furthermore, the defendant has not asserted by affidavit or otherwise that it would be subjected to inconvenience or hardship if the case is tried in Dayton, Ohio.

In addition the United States District Court for the Southern District of Ohio is a more appropriate and convenient forum for the adjudication of this controversy than the District Court for the Northern District of Illinois. The plaintiff corporation has one of its principal places of business in the Southern District of Ohio including its Chemical Division which sells the foundry products alleged to infringe the Hooker patent. In contrast the defendant has no substantial connection with the Northern District of Illinois and bases venue upon its allegations that infringing sales were made in Chicago and that Ashland has a regular place of business in Chicago.

The cases cited by defendant in support of its contention that the delay in service was unreasonable and requires dismissal of the complaint involve periods of delay varying from nine months to five years. In the case of Den Heijher v. Erie Railroad Company, 23 F.R.D. 217 (S.D. New York 1959) the Court stated at page 219:

"Defendant's contention that the lapse of three months between the bringing of the complaint and this service is an unreasonable delay is not sustained by the decisions on this point. While it is true that some cases indicate a lapse of time must be fatal to the party seeking service, such cases normally involve periods of time far greater than three months. * * * [citing cases]."

The Court concludes that the two and one-half month delay between the filing of the complaint and service upon defendant Hooker is not unreasonable under the circumstances of the present case.

Accordingly, defendant's motion to dismiss hereby is denied.

■ In Branch II of said motion the defendant requests that this Court stay further proceedings in this action pend-

ing the outcome of Chicago Case No. 70–C–1628. In view of this Court's determination that this Court in the Southern District of Ohio is the more convenient and appropriate forum for the determination of this controversy, Branch II of defendant's motion hereby is denied.

The plaintiff, Ashland Oil, has filed a motion requesting this Court to enjoin defendant from proceeding with Civil Action No. 70–C–1628 pending in the United States District Court for the Northern District of Illinois until final judgment is rendered in this action. While the Court believes that United States District Court for the Southern District of Ohio is the proper forum for determining this action, the Court concludes that the United States District Judge for the Northern District of Illinois to whom Case No. 70–C–1628 is assigned should determine whether proceedings therein should be stayed pending the outcome of this action in Dayton, Ohio.