274 A.2d 421.

Doris B. Burns and John Burns *vs*. Edmund A. Hirsch.

March 4, 1971.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action for personal injuries and property damage arising out of a collision between two motor vehicles on a public highway of this state.

On April 13, 1965, plaintiff Doris B. Burns, the owner

and operator of one car, was involved in a collision with the defendant operator of the second car. On November 8, 1966, Doris and her husband, John Burns, delivered copies of a summons and complaint to the sheriff for service. The defendant being a Massachusetts resident, the process was directed to the Registrar of Motor Vehicles pursuant to the provisions of then G. L. 1956, §31-7-7, as amended by P. L. 1961, chap. 124, sec. 1.[1]

The record establishes that copies of the complaint and summons were served on the Registrar on November 10, 1966, and the originals were filed in the Superior Court on November 18, 1966, in accordance with the provisions of Super. R. Civ. P. 3 and 4. However, copies of said process were not mailed to defendant "forthwith" as required by §31-7-7.

Rather, on February 13, 1969, some 46 months after plaintiffs' cause of action accrued, they obtained an ex parte order from a Superior Court justice authorizing the completion of service by mailing copies of the complaint

---

[1]The pertinent provisions of this section are as follows:

"Service on nonresidents.—Service of such process shall be made by leaving a copy of the process with a fee of five dollars ($5.00) in the hands of the registrar of the registry or in his office with some one acting in his stead as such registrar and such service shall be sufficient service upon the said nonresident; provided, that notice of such service and a copy of the process shall be forthwith sent by registered or certified mail by plaintiff or his attorney of record to the defendant at the address given upon said defendant's registration or operator's license, and the sender's post office receipt of sending and the plaintiff's or his attorney's affidavit of compliance herewith are appended to the process and entered with the declaration or that such notice and a copy of the process are served upon the defendant by leaving the same in his hands or possession by a duly constituted public officer qualified to serve civil process in the state or jurisdiction where the defendant is found, and such officer's return showing such service to have been made at least fifteen (15) days before the return day of the process is appended to the process and entered with the declaration. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

and summons to defendant. This order was sought and obtained in reliance on P. L. 1967, chap. 78, sec. 4, which amended §31-7-7.[2]

It is of significance that this amendment became effective on May 2, 1967, more than two years after plaintiffs' action for personal injuries had accrued.

On receipt of the copies of the process, mailed pursuant to the ex parte order, defendant filed an answer challenging the sufficiency of service of process, raising the defense of the statute of limitations and denying generally the allegations in the complaint. Further, he moved to vacate the ex parte order of February 13, 1969, and pursuant to Super. R. Civ. P. 36, requested admissions as to the correctness of the travel of the litigation as hereinabove related. The plaintiffs made no answer within the time specified by defendant as authorized by said Rule 36 and defendant thereupon moved for summary judgment.

The motion to vacate and the motion for summary judgment were heard by the Superior Court justice who had entered the ex parte order on February 13, 1969. He granted the former on the ground that it had been entered by mistake, commenting that he would not have directed its entry had he been aware of the time periods involved. Holding in essence that service on defendant had not been completed within the two-year period of limitation for personal injuries, he granted defendant's motion for summary judg-

---

[2]The cited section was amended by adding the following:
"Notwithstanding the foregoing requirements, however, once service has been made on the registrar as provided herein, the court shall have the authority in the event of failure to comply with the requirement of notice to such nonresident to order such notice as shall be sufficient to apprise him of the pendency of the suit against him, and in addition thereto, may extend the time for answering by such nonresident. It is also sufficient if such notice and a copy of the process are served upon the defendant outside the state in accordance with applicable procedural rules."

ment on plaintiffs' claims for damages based on personal injuries, as permitted under Super. R. Civ. P. 54(b). From the entry of this judgment, plaintiffs seasonably appealed to this court.

In support thereof, they make two basic contentions, both of which are lacking in merit. The first such contention is that it was an abuse of the Superior Court justice's discretion to vacate the ex parte order of February 13, 1969, which order purported to authorize plaintiffs to complete service by mailing copies of the process almost four years after the cause of action had accrued.

The constraining answer to this contention is that, assuming the Superior Court justice had jurisdiction to do so,[3] we think it clear that it would have been an abuse of his discretion to have granted plaintiffs' motion for such an order had he been aware that the process had been filed as far back as November 18, 1966. It cannot be said to be error for the Superior Court justice to have vacated an order which should not have been entered in the first instance.

Even so, plaintiffs make the further contention that it was error for the Superior Court justice to have granted defendant's motion for summary judgment and thus deprive them of a trial on the merits of the case. In support of this contention, they rely on Rule 4 of which subsection (i) thereof provides:

[3]Prior to May 2, 1967, the Superior Court was without jurisdiction to authorize mailing of process other than "forthwith" and on that date the time within which plaintiffs could have commenced an action based on personal injuries had passed, pursuant to G. L. 1956, §9-1-14.

In *Nickerson* v. *Fales*, 342 Mass. 194, 172 N.E.2d 832, the court, passing on a substitute service statute comparable to §31-7-7, held that notice of service "forthwith" on a nonresident was essential to the attachment of jurisdiction.

Furthermore, there being no direct expression of retroactivity in P. L. 1967, chap. 78, sec. 4, it applied only prospectively. *Langdeau* v. *Narragansett Insurance Co.*, 96 R. I. 276, 279, 191 A.2d 28, 30.

"(i) Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Pointing to this language, plaintiffs stress that service was completed on the registrar within the two-year period of limitations, that the summons and complaint were seasonably filed and that defendant made no showing that the late notice resulted in prejudice to him.

Their reliance on Rule 4(i) is misplaced. The circumstances of the case at bar do not present a situation of an attempt to amend process or proof of service as contemplated by the rule. The rule presupposes that service has been completed, but is otherwise wanting.

While under Rule 3, the filing of the complaint tolls the statute of limitations, Rule 4(b) contemplates that process must be issued within a reasonable time after a complaint has been filed, absent a showing that such delay was excusable. *Caprio* v. *Fanning & Doorley Construction Co.*, 104 R. I. 197, 199, 243 A.2d 738, 740. Moreover, Rule 4 (d) (1) expressly provides that where service is to be made upon an agent designated by statute, "such further notice as the statute requires shall be given."

Here, the statute in effect when service was made on the registrar required that a copy of the process be mailed to defendant "forthwith." As heretofore related, no attempt was made to so inform defendant until some two and one-half years after service on the registrar. Even under Rule 4 (b), so long a period could hardly qualify as being within a reasonable time and plaintiffs offered nothing in excuse of the delay. See 1 Kent, *R. I. Civ. Prac.*, Rule 25, in connection with said rule.

In the case at bar, the admission by plaintiffs that no notice was given in accordance with law to defendant until

shortly after February 13, 1969, constituted matters outside the pleadings and not excluded by the court. See Super. R. Civ. P. 12 (c). Under this rule defendant's motion was properly one for summary judgment and the Superior Court justice's decision thereon was not erroneous.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings in connection with the plaintiff Doris B. Burns' claim for property damage.

*Joseph E. Marran, Jr.*, for plaintiffs.

*Jordan, Hanson & Curran, Paul A. Lietar*, for defendant.