359 A.2d 34.

HERBERT GERMANO *et ux. vs.* DONALD B. CAMPBELL.

JUNE 18, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action for negligence arising out of a motor vehicle accident which occurred on January 1, 1969, on North Main Street, a public highway in the city of Providence.

On November 4, 1970, plaintiffs delivered a complaint and summons to the office of the sheriff of Providence County as authorized by Rule 3 of the Superior Court

Rules of Civil Procedure[1] with instructions to serve defendant at 100 Park Place in the city of Pawtucket. On April 5, 1971, the sheriff returned the complaint and summons to plaintiffs' counsel with a notation entered thereon "unable to contact." On July 6, 1972, the same summons and complaint were again delivered to the sheriff with instructions to serve defendant at the same Pawtucket address. On July 10, 1972, the summons and complaint were served on defendant at his place of business on Freight Street in the city of Pawtucket. The complaint and summons were filed in the office of the clerk of Superior Court on July 13, 1972.

The defendant filed a motion seeking judgment which came on to be heard on December 13, 1973, by a Superior Court justice who treated the motion as a motion to dismiss. The said justice rendered a decision for defendant in accordance with which a judgment for defendant was duly entered. From the judgment against them, plaintiffs have appealed to this court.

The record indicates that at the time of the accident defendant, Donald B. Campbell, was operating a motor vehicle owned by J. C. Campbell Paper Company, which was in collision with the rear of a motor vehicle owned

---

[1]Rule 3 of the Superior Court Rules of Civil Procedure provides:

"Commencement of Action. A civil action is commenced (1) by filing a complaint with the court together with payment of the entry fee prescribed by law, or (2) by depositing the complaint with said fee in the mail addressed to the clerk, or (3) by delivery of a summons and complaint to an officer for service. When method (3) is used, the complaint shall be filed with the court within 10 days after the completion of service; but in any case where attachment of real or personal property or attachment on trustee process has been made, the complaint shall be filed not later than 30 days after the first such attachment. If the complaint is not timely filed, the action may be dismissed on motion and notice, and in such case the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of the defendant, to be recovered of the plaintiff or his attorney."

and operated by plaintiff, Herbert Germano. The plaintiff, Carmella Germano, was a passenger in her husband's car.

At the hearing before the Superior Court justice, plaintiffs' counsel testified that between April 1971 and July 1972, he made efforts to obtain service of process on defendant by requesting certain attorneys in the city of Pawtucket to advise him if they observed defendant in any public places in order that he could effectuate service of process. He further testified that he continuously called the sheriff to inquire about service, and even offered to pay a bonus to the sherif to expedite service. The sheriff to whom process had been given for service testified that he made between 15 to 20 unsuccessful attempts to serve defendant at his home address as given to him by plaintiffs' counsel, and also at his place of business. There was also evidence that plaintiffs' counsel made some attempt to enlist the aid of a private detective to discover the whereabouts of defendant in order to serve him with process.

The defendant, Campbell, testified that he lived at 100 Park Place, Pawtucket, from October 1968 until August 1970. He stated that he then moved to East Providence where he resided until 1971 when he moved to Wilbur Road, Lincoln, where he resided at the time of the hearing in Superior Court. The defendant further testified that he was unaware that any attempt had been made to serve process on him. He accepted service at his place of business, J. C. Campbell Paper Company, on Freight Street, Pawtucket, on July 10, 1972.

The Superior Court justice found in substance that plaintiffs had failed to exercise due diligence in effecting service of process as contemplated by Rule 3 of the Superior Court Rules of Civil Procedure, compliance with which tolls the statute of limitations, and Rule 4(b) of said rules whereby defendant is given notice of the action contemplated against him.

The plaintiffs, citing several federal cases, argue before us that having delivered the process to the sheriff that they should not be responsible for the control of the process thereafter, and that the Superior Court justice abused his discretion in dismissing the action. The dismissal by the Superior Court justice was based not on the failure of the sheriff to serve the complaint and summons promptly on defendant, but on the lack of plaintiffs' due diligence to obtain more reliable information as to defendant's whereabouts and again deliver the process to the sheriff for service.

Similar arguments were advanced by the plaintiffs in *Barton* v. *D'Attorro,* 106 R. I. 697, 262 A.2d 834 (1970). In that case we said:

"* * * when a summons has been returned unserved to the plaintiff, it is incumbent upon him to exercise reasonable diligence to obtain more reliable information as to defendant's whereabouts and again deliver the process to the appropriate officer for service. Absent such diligence, an unreasonable delay in obtaining service whereby a defendant becomes aware of the action pending against him, the Superior Court does not abuse its discretion in granting a defendant's motion to dismiss for failure to comply with Rule 4(b) of the Superior Court Rules of Civil Procedure." *Id.* at 703, 262 A.2d at 838.

Our decision in *Barton* is controlling here and the granting of defendant's motion is clearly within the discretion of the trial justice. *See also Caprio* v. *Fanning & Doorley Constr. Co.,* 104 R. I. 197, 243 A.2d 738 (1968).

There remains the question of whether the trial justice abused his discretion in dismissing plaintiffs' action.

In the instant case, plaintiffs delivered the summons and complaint to the sheriff's office with only two months remaining before the expiration of the statutory period of limitation. Six months later the summons and complaint

were returned by the sheriff unserved. After a period of some 15 months the same summons and complaint were returned to the sheriff with the same instructions for service as were given in the first instance and service was accomplished within four days.

The trial justice found that the plaintiffs were not reasonably diligent in effecting service. Our reading of the record satisfies us that the delay in effecting service was unreasonable due to the failure of the plaintiffs to exercise due diligence. The trial justice therefore did not abuse his discretion in dismissing the plaintiffs' action.

The appeal of the plaintiffs is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Aram K. Berberian,* for plaintiffs.

*Leonard A. Kiernan, Jr.,* for defendant.