**Maranda M. CURTIS et al.,**
**Administrators of the Estate**
**of William F. Crossley**

v.

**DIVERSIFIED CHEMICALS AND PROPELLANTS COMPANY et al.**

**Maranda M. CURTIS et al.,**
**Administrators of the Estate**
**of William F. Crossley**

v.

**COPELAND CORPORATION, a/k/a**
**Copeland Refrigeration Corp. et al.**

**No. 79–228–Appeal.**

Supreme Court of Rhode Island.

Feb. 4, 1982.

Dennis J. Roberts, II, Atty. Gen., Richard B. Woolley, Sp. Asst. Atty. Gen., Arthur G. Capaldi, Gary N. Coutu, Coventry, for plaintiffs.

Tillinghast, Collins & Graham, Peter J. McGinn, James H. Hahn, Anderson, Henning & Anderson, Carol A. Zangari, Hodosh, Spinella & Angelone, Thomas C. Angelone, Andrew M. Gilstein, Higgins & Slattery, John A. Baglini, John A. McQueeney, Hanson, Curran & Parks, Robert D. Parrillo, Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, Albert R. Romano, Roberts, Carroll, Feldstein & Tucker, David W. Carroll, R. Kelly Sheridan, Kelly, Kelleher & Reilly, James H. Reilly, Hinckley, Allen, Salisbury & Parsons, George M. Vetter, Jr., Benjamin V. White, III, Robert C. Power, Mark S. Mandell, Providence, for defendants.

OPINION

WEISBERGER, Justice.

This is an appeal from judgments dismissing complaints against several defend-

ants in two consolidated actions for wrongful death. Finding the delays in serving process after the complaints had been filed to be unreasonable and inexcusable, the Superior Court justice granted the defendants' motion to dismiss. We cannot say that the factual findings were clearly wrong or that the Superior Court justice abused his discretion in granting the motions. The judgments below therefore are affirmed.

The plaintiffs are the parents of William F. Crossley, who died on January 28, 1976, after having been fatally injured in an explosion at his place of employment. On January 27, 1978, one day prior to the expiration of the statute of limitations then in effect,[1] plaintiffs, individually and in their capacities as administrators of their son's estate, filed two suits seeking damages for wrongful death. One action named eight defendants; the other listed eleven as well as "John Does I—VII" and "Other Unknown Defendants."

The plaintiffs did not effectuate service on any of the defendants in either case until June 15, 1978, more than four months after the complaints were filed. Some defendants were served as late as August 23, 1978, while others were never served at all.

Several of the defendants filed motions to dismiss for unreasonable delays in serving process after the filing of the complaints. On April 11, 1979, a Superior Court justice heard the first of these motions. The plaintiffs contended that the delays were not unreasonable in light of their desire to serve all defendants at once, of the complexity of the litigation, and of the unusually large number of defendants. Finding no evidence of excusable delay or reasonable diligence, the justice granted the motions to dismiss. Subsequently other defendants filed similar motions that were also granted. Only one named defendant, ABCO Engineering Corporation, along with the "John Does I—VII" and "Other Unknown Defendants" who were never identified, has not obtained a judgment dismissing the cases against it.

The plaintiffs now challenge the various dismissals of their complaints in both cases which have been consolidated. The only substantial issues on appeal are these: (1) whether the Superior Court justice was clearly wrong in finding the delays of some four to seven months to be unreasonable and inexcusable and (2) whether the Superior Court justice, relying on that finding, abused his discretion in dismissing the complaints. We see no merit in plaintiffs' allegation that evidence was misconceived when the trial-court justice referred to the delays as "seven months, eight months, six months."

The record shows that the Superior Court justice applied the proper standard in assessing whether the time lapse between the filing of the complaint and the service of process was unreasonable. Under Rule 3 of the Superior Court Rules of Civil Procedure, the filing of a complaint with the payment of the proper fee tolls the statute of limitations even if the filing occurs on the last available day under the statute. *Caprio v. Fanning & Doorley Construction Co.*, 104 R.I. 197, 199, 243 A.2d 738, 740 (1968). Nevertheless, Rule 4 requires that process be served on defendants and delineates the manner in which such service must be accomplished. Nowhere does the rule set forth a time limitation within which the service must be accomplished after a complaint has been filed. We have held, however, that Rule 4 implicitly requires that service of process be effectuated "within a reasonable time after a complaint has been filed, absent a showing by the plaintiff that such delay was excusable." *Id.* at 199–200, 243 A.2d at 740; *see Prudential Investment Corp. v. Porcaro*, 115 R.I. 117, 118–19, 341 A.2d 720, 721 (1975); *Burns v. Hirsch*, 108 R.I. 251, 256, 274 A.2d 421, 423 (1971). The trial justice carefully reviewed plaintiffs' explanation of the delays and specifically found the delays to be inexcusable and unreasonable.

1. In 1978 wrongful-death actions were governed by a two-year statute of limitations. *See*

G.L.1956 (1969 Reenactment) § 10-7-2.

"I feel very reluctant to grant these motions. It is drastic relief, but I cannot find on the basis of the evidence presented explaining the delay, that the delay is excusable or that there was reasonable diligence in obtaining the addresses and locations where these various defendants could be served."

This court will not disturb factual findings of a justice of the Superior Court unless they are clearly erroneous or unless material evidence has been overlooked or misconceived. *Walton v. Baird*, R.I., 433 A.2d 963, 965 (1981). In this case plaintiffs presented no evidence to justify the delays except for testimony that their attorney desired to serve all defendants at the same time. Even this excuse does not explain the amount of time plaintiffs took to obtain the names of registered agents or the addresses of some of the defendants. Obviously, much of this information was readily available to plaintiffs. Telephone calls to the Secretary of State's office would have easily and quickly yielded the names and addresses of registered agents of all domestic corporations and those registered to do business in the state. Additionally, plaintiffs themselves had set forth the addresses of some of the out-of-state defendants in one of their complaints and, under Rule 4(e)(2), could have served process on those defendants by mail without having first obtained the court's permission. Further, plaintiffs did not explain their failure to serve the state properly. The rules clearly and simply require that service upon the state must be made "by delivering a copy of the summons and complaint to the attorney general or an assistant attorney general." Super.R.Civ.P. 4(d)(4). This was never done. Basing our analysis on the facility with which names and addresses could have been obtained and service effectuated as well as the evidence presented below, we cannot say that the Superior Court justice was clearly wrong in finding that the delays were unreasonable. Neither can we say that he was clearly wrong in rejecting as inexcusable plaintiffs' explanation for the delays.

Under Rule 41(b)(2), a Superior Court justice may grant a defendant's motion to dismiss for failure to comply with the Superior Court Rules of Civil Procedure. We have held that unreasonable delay in procuring service of process constitutes a noncompliance with the rules for which a dismissal may be granted under Rule 41(b)(2). *Barton v. D'Attorro*, 106 R.I. 697, 702, 262 A.2d 834, 837–38 (1970); *Caprio v. Fanning & Doorley Construction Co.*, 104 R.I. at 199, 243 A.2d at 740. The plaintiffs would have us require a showing of prejudice to defendants as a precondition to dismissals under Rule 41(b)(2). We have not in the foregoing cases required such a showing in order to sustain a trial justice's dismissal for failure of a plaintiff to comply with the implicit requirement of Rule 4(b), and decline to do so now. Having found the four-to-seven-month delays to be unreasonable and inexcusable, the Superior Court justice did not abuse his discretion in dismissing the complaints.

For the reasons stated, the appeal is denied and dismissed and the judgments below are affirmed. The papers in the case may be remanded to the Superior Court.

KELLEHER and SHEA, JJ., did not participate.

MURRAY, Justice, concurring in part and dissenting in part.

I concur with the majority in their finding that the trial justice acted in accord with applicable case law. He properly exercised his discretion within the dictates of Rules 4(b) and 41(b)(2) of the Superior Court Rules of Civil Procedure; and the sanction invoked by him against the plaintiff was in conformity with our previous rulings on this point. *See Germano v. Campbell*, 116 R.I. 524, 359 A.2d 34 (1976); *Sousa v. Casey*, 111 R.I. 623, 306 A.2d 186 (1973); *Burns v. Hirsch*, 108 R.I. 251, 274 A.2d 421 (1971); *Barton v. D'Attorro*, 106 R.I. 697, 262 A.2d 834 (1970); *Caprio v. Fanning & Doorley Construction Co.*, 104 R.I. 197, 243 A.2d 738 (1968).

I dissent, however, from the majority opinion in that I believe that the rule of law in the above-cited cases invites injustice and

should, therefore, be modified. In a case such as the one now before us, the defendant should be required to demonstrate prejudice, as well as the mere fact of delay in service of process. *See Lloyd v. Industrial Bio-Test Laboratories, Inc.,* 454 F.Supp. 807 (S.D.N.Y.1978); *H. Alpers & Associates v. Omega Precision Hand Tools, Inc.,* 62 F.R.D. 408 (E.D.Pa.1974); and *Ashland Oil & Refining Co. v. Hooker Chemical Corp.,* 51 F.R.D. 512 (S.D.Ohio, W.D., 1970). Such a requirement would permit the trial justice to make a more realistic factual determination before denying a plaintiff his or her "day in court."