**Ricardo A. GROSSO**

v.

**CUMBERLAND FARMS, INC. and Robert Kent, alias John Doe.**

**Civ. A. No. 88–0261B.**

United States District Court, D. Rhode Island.

Nov. 3, 1988.

Linda C.S. Stuart, Patrick J. Quinlan, Providence, R.I., Michael McEntee, Warwick, R.I., for plaintiff.

Christopher Little, Providence, R.I., Philip J. Moss, Charles B. Gordy, Perkins, Thompson, Hinckley & Keddy, Portland, Me., for defendants.

## REPORT AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant action was originally filed in the Superior Court of Providence, Rhode Island on April 3, 1986. A summons and copy of the complaint were served on the defendant, Cumberland Farms, Inc., on March 29, 1988. Defendant, Robert Kent, has not been served. On April 27, 1988, defendant Cumberland Farms, Inc. removed the case to this Court on the basis of diversity jurisdiction pursuant to Title 28 U.S.C. § 1332.

Defendants Cumberland Farms, Inc. and Robert Kent have moved pursuant to Rule 41(b), Federal Rules of Civil Procedure, to dismiss the instant complaint for failure of the plaintiff to timely serve the complaint or otherwise prosecute with due diligence. Defendants' motion to dismiss should be granted.

Rule 4(j) of the Fed.R.Civ.P., which sets a 120 day time limit for service, is not applicable to the instant action since this case was one which was removed from the Rhode Island Superior Court. Thus, the appropriate law in this instance would be Rhode Island law. *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The question of whether a delay in the service of process prior to removal, as here, warrants dismissal under Rule 41(b) must be determined by reference to relevant state law. *See Montaup Electric Co. v. Ohio Brass Corp.*, 561 F.Supp. 740 (D.R.I.1983). Given no specific time limit for service, the Rhode Island courts have construed their civil rules to require service of process within a "reasonable" period of time. *See Caprio v. Fanning & Doorley Construction Co., Inc.*, 243 A.2d 738 (R.I.1968) and *Curtis v. Diversified Chemicals and Propellants Company*, 440 A.2d 747 (R.I.1982). It is apparent that this instant action was pending approximately two years without service of summons together with copy of the complaint upon defendant Cumberland Farms, Inc. and that two and one half years have passed without service of summons on co-defendant Kent. Co-defendant Kent has never been served. In *Caprio, supra*, the Rhode Island court found 13 months to be an unreasonable period of time, and in *Curtis, supra*, the Rhode Island court found the period of four to seven months to be unreasonable. Given this, I find that a two year passage of time, without service, to be an unreasonable period. Thus, dismissal is warranted.

*Recommendation*

Accordingly, I recommend to the Court that defendants' motion to dismiss be granted.