Colleen R. BROPHY

v.

Thomas SCHULDNER.

No. 96–3–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Robert A. D'Amico, II, Steven DiLibero, Providence.

Kevin M. Daley, Warwick.

## ORDER

This case came before the court for oral argument March 4, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

The plaintiff has appealed from a judgment of the Superior Court that dismissed her complaint because service of process was not completed within a reasonable time as required by Rule 4 of the Superior Court Rules of Civil Procedure as interpreted in *Caprio v. Fanning & Doorley Construction Co., Inc.,* 104 R.I. 197, 199–200, 243 A.2d 738, 740 (1968). The plaintiff had allegedly been injured in an automobile collision with a vehicle operated by the defendant, Thomas Schuldner, who was at the time of the accident a resident of the State of New Jersey. The defendant was a student at Johnson & Wales University in Providence, but had a New Jersey license and was operating a motor vehicle registered in the State of New Jersey. Both of these facts were known to the plaintiff at or shortly after the time of the accident. The plaintiff filed her action on the last day permitted by the statute of limitations and did not effect service of process until six months after the filing of her complaint. This court has previously held that pursuant to Rule 4 a plaintiff must

implement service of process within a reasonable time following the filing of a complaint. *Catone v. Multimedia Concepts, Inc.,* 483 A.2d 1081, 1083 (R.I.1984); *Simmons v. State,* 462 A.2d 974, 975 (R.I.1983); *Caprio,* 104 R.I. at 199–200, 243 A.2d at 740. This obligation can be excused only in the event that plaintiff can demonstrate that a longer delay was excusable. *Catone,* 483 A.2d at 1083. Failure to comply with this requirement will justify a judgment of dismissal pursuant to Rule 41(b)(2). *Curtis v. Diversified Chemicals and Propellants Co.,* 440 A.2d 747, 749 (R.I.1982).

In the case at bar, the motion justice dertermined that the delay of six months was not excusable since the plaintiff was aware of the defendant's New Jersey address and could have served him at any time pursuant to G.L.1956 § 31–7–7 by service on the registrar of motor vehicles and notice by certified mail to the defendant at his New Jersey address. In fact, this method of service was ultimately utilized after the delay of six months. In making this determination, we can not say that the justice's findings were not supported by the evidence or that he had overlooked or misconceived relevant and material evidence. *See Estate of Meller v. Adolf Meller Co.,* 554 A.2d 648, 651 (R.I.1989).

Consequently, the plaintiff's appeal is denied and dismissed. The judgment of the dismissal pursuant to Rule 41(b)(2) is affirmed.