AMASA SPRAGUE, 2d, *vs.* MOSES GREENE.

PROVIDENCE — JUNE 24, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

At common law a cause of action arising on a covenant on which the testator or intestate might have been sued in his life-time survived his death and was enforceable against his executor or administrator.

Causes of action which survive at common law are expressly recognized as surviving by Pub. Stat. R. I. cap. 204, § 8.

The rule of common law that a suit abated by the death of the plaintiff, though the cause of action survived, is modified by Pub. Laws R. I. cap. 189, §§ 5, 6, and such suit is to be carried on by the executor or administrator from the point where it may have been left by the deceased.

This statutory provision is equally applicable to the death of a defendant, and

it is the duty of his executor or administrator to come in and take upon himself the defence of the suit.

Pub. Stat. R. I. cap. 205, § 9, applies only to the bringing of actions against executors and administrators, and not to the citing them to appear and take upon themselves the defence of an action begun against the testator or intestate in his life-time.

*Fox* v. *Hopkinson*, Index TT, 92, distinguished from the present case.

ACTION OF COVENANT. The defendant, and also the executrix of his will, having deceased, his administrators *de bonis non* with the will annexed were cited in to defend after more than three years from the time of giving notice of the appointment and qualification of the executrix. Heard on demurrer to their plea setting up these facts.

MATTESON, C. J. This is an action of covenant in which a rule was entered. The referee filed his report February 29, 1892, by which he awarded to the plaintiff damages for breach of the covenant in suit, with interest and costs. The defendant, on April 25, 1892, moved to set aside the award. While this motion was pending, on, to wit, July 14, 1892, the defendant died, and at the September term, 1893, of the Supreme Court for Kent County, his death was suggested.

On January 2, 1897, on the plaintiff's motion, an order was made by the Common Pleas Division, to which the suit had been transferred in accordance with the provisions of the Judiciary Act, that a citation issue to Henry P. Stone, of Providence, and Albert R. Greene, of Warwick, administrators with the will annexed on the estate of the deceased, to appear and take on themselves the defence of the suit. In compliance with this citation, the administrators entered their appearance in the suit, and on March 2, 1897, filed a plea setting forth the decease of Moses Greene and the suggestion of his death as stated above ; that he left a last will and testament, which was duly admitted to probate by the Probate Court of Warwick, on October 24, 1892, in which Susan S. Stone was appointed as sole executrix ; that she was duly confirmed as executrix by the court and qualified herself to act, and gave notice of her appointment and qualification by publishing notice, as directed by the Probate Court, on November 18, 1892, in the Pawtuxet Valley Gleaner, a

public newspaper published in Warwick ; that she deceased in 189 , not having been discharged as executrix by the court ; that they were on    . 1895, appointed by the Probate Court of Warwick administrators *de bonis non* with the will annexed on the estate of Moses Greene, deceased, and duly qualified as such ; that more than three years had elapsed since the appointment of Susan S. Stone as executrix as stated, and the publication of the notice of her appointment and qualification as such, but that the plaintiff did not till after the three years had elapsed cite Susan S. Stone in her life-time as executrix, nor after her decease these administrators, to make defence to the case.   The plea concludes with a verification and prayer for judgment whether the plaintiff ought further to maintain his action against them.

The plaintiff demurs to the plea, and assigns as grounds of demurrer : (1). That under the statutes the suit was not abated by, but survived, the death of Moses Greene ; (2) That under the statutes it became the duty of the executrix of the will to appear and take on herself the defence of the suit, and on her decease and the appointment of the administrators it became their duty to do so ; (3) . That, the court having retained its jurisdiction over the action and continued it from time to time, the lapse of the period set up in the plea creates no bar to the further prosecution of the suit.

The plea proceeds on the assumption that by the death of the defendant the suit was abated so that it could not be revived, and consequently that the summoning in of the administrators was in effect the bringing of a new action against them.   We do not think that these views are correct.   At common law a cause of action, arising on a covenant on which the testator or intestate might have been sued in his life-time, survived his death and was enforceable against his executor or administrator.   2 Williams Ex., 7 Am. ed. 92, 94.   Causes of action which survive at common law are expressly recognized as surviving by Pub. Stat. R. I. cap. 204, § 8 ; and by cap. 189, §§ 5, 6, in force at the time of the confirmation of the appointment of the executrix, it was provided that in case any action or suit should be commenced or

pending in any Court of Common Pleas, or in the Supreme Court, and either party should die before final judgment, the executor or administrator of the deceased party, in case the cause of action survived, should prosecute or defend such action or suit to final judgment ; and it was further provided that if any executor or administrator should neglect to appear and take on himself the prosecution or defence of any action or suit, when duly notified by order of the court, the court, unless the estate had been represented insolvent, might enter judgment against the estate in the hands of the executor or administrator, and the like process should be had thereon as if the action had been originally commenced against the executor or administrator.

These provisions of the statute were also in force at the time of the appointment of the administrators, except that the words "in any court of common pleas or in the supreme court," in section 5, had been changed, on the passage of the Judiciary Act, to "either division of the supreme court."

Pub. Stat. R. I. cap. 189, §§ 5, 6, were re-enactments of Rev. Stat. R. I. cap. 161, §§ 5, 6. In *Webster* v. *Baggs*, 6 R. I. 247, 249, it was held that the rule of common law that a suit abated by the death of the plaintiff, though the cause of action survived, was modified by these statutory provisions, which contemplate that the suit, instead of abating, shall be carried on by the executor or administrator from the point where it may have been left by the deceased, and should only be dismissed on the neglect of the executor or administrator to prosecute it within a reasonable time after becoming qualified to act. In that case it was the plaintiff who had died. But the provisions of the statute apply to the death of a defendant as well as the death of a plaintiff, and make it equally the duty of the executor or administrator of the former to come in and take on himself the defence of the suit as of the latter its prosecution. And see *Vaughn* v. *Sturtevant*, 7 R. I. 372, 374, 375.

As, then, the suit did not abate by the death of Moses Greene, and as it was the duty of his executrix and of the administrators to have taken on themselves the defence of

the suit at the point where it was left at his decease, the lapse of more than three years from the giving of the notice of her appointment as executrix by Susan S. Stone, before the summoning in of the administrators, was wholly immaterial, since the special statute limiting the bringing of actions against executors and administrators to such period of three years (Pub. Stat. R. I. cap. 205, § 9) applied only to the bringing of actions against executors or administrators, and not to the citing them to appear and take on themselves the defence of an action begun against the testator or intestate in his life-time.

It may perhaps be thought at first glance that the decision is inconsistent with our decision in *Fox* v. *Hopkinson*, 19 R. I. That was a suit in which the defendant died between the date of the decision and the date of the entry of judgment on the decision, and before the expiration of the time, to wit, two days after decision, within which a jury trial could have been claimed. In that state of facts we held that the suit was abated by the death of the defendant, for the reason that, as a jury trial must have been claimed within the two days after the decision, the administrator on being summoned in could not have claimed a jury trial because the time for so doing must necessarily have elapsed before he could have been appointed. As the effect of a different holding would have been to deprive the administrator of his right to a jury trial, and as in that view it might well be doubted whether the statute would be constitutional, we came to the conclusion that the suit must be deemed to have abated. That, however, was a case in the District Court of the Eighth Judicial District, and the decision in it is to be limited to suits in District Courts in which alone the difficulty can arise, since in suits in the Common Pleas Division a jury trial must have been had or waived before a decision can be given.

The demurrer is sustained and the plea overruled. The case is remitted to the Common Pleas Division for further proceedings.

*James Tillinghast, William R. Tillinghast and Theodore F. Tillinghast,* for plaintiff.

*Albert R. Greene and Robert W. Burbank,* for defendants.