MARY A. GRAY *vs.* JOHN F. AHERN, *et al., Exrs.*

NOVEMBER 6, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This case is before us on the plaintiff's exception to the sustaining by the superior court of defendants' demurrer to plaintiff's replication to defendants' second plea.

From the record, which includes a transcript of the argument in the superior court on the demurrer, it appears that

Thomas F. Ahern died October 2, 1937 and that letters testamentary were issued to these defendants on October 18 of that same year. In December 1937 the plaintiff filed a claim against the estate, which was disallowed by the executors in January 1938.

Within the time prescribed by general laws of 1923, chapter 365, sec. 11 (G. L. 1938, c. 578, §11), the plaintiff on March 31, 1938 duly brought an action at law on this claim in the superior court. The pleadings in the case were closed and, no written claim for a jury trial having been filed by the plaintiff before assignment-day, in accordance with G. L. 1938, chap. 526, §6, the case was assigned for trial to the jury-waived calendar for November 22, 1938. Following this assignment, counsel for the plaintiff asked counsel for the defendants to stipulate that the case be assigned for trial to the jury calendar, which the latter refused to do. Thereupon the plaintiff, acting under G. L. 1923, chap. 333, sec. 27 (G. L. 1938, c. 523, §2) filed a motion to discontinue the action, which the defendants opposed on the ground that the plaintiff's motion in discontinuing the case was merely to bring another action so that she might claim a trial by jury. This objection being overruled by the court, the motion to discontinue was granted and the plaintiff accordingly discontinued the action.

On November 7, 1938, the plaintiff brought a second action at law on this claim, which is the case now before us. The defendants' second plea in this case is that the plaintiff was barred from maintaining her action as more than "six months elapsed from the time of the disallowance of the claim to the date of the writ instituting this suit on November 7, 1938." G. L. 1923, chap. 365, sec. 11 (G. L. 1938, c. 578, §11). To this plea the plaintiff filed a replication in substance averring that she brought this action "by virtue of and in accordance with the provisions of section 9 (4884) of chapter 334 of said General Laws" (1923). The defend-

ants demurred to this replication on the following grounds. "1. The facts stated in the defendants' second plea have not been denied by the plaintiff in her replication and the facts so stated in the defendants' second plea are therefore admitted and constitute a complete and full legal defense to the cause of action, or causes of action, stated in the declaration. 2. Chapter 334, Section 9 of the General Laws of 1923 does not permit the institution of this cause of action."

By public laws 1936, chap. 2394, a commission was created for the consolidation, revision and annotation of all laws, "beginning with the general laws of 1923." This work having been completed by a duly named commission in accordance with the terms of the act, the legislature approved and enacted into law the revision of such laws that was submitted by the commission. This enactment is now known as "Rhode Island General Laws of 1938", and went into effect on April 1, 1939. No change has been made in the statutes involved in this case by the revision. In the circumstances, we shall hereafter refer to such statutes as they appear in the general laws of 1938.

Omitting exceptions not pertinent in this case, G. L. 1938, chap. 578, §11 provides that: "Suit may be brought on a disallowed claim within 6 months after notice is given to the claimant that the same is disallowed . . . and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor or administrator." The legislature, in enacting this particular statute and those of a similar nature which preceded it, limited the bringing of suits against the personal representatives of deceased persons to within the designated time. These special statutes of limitation were created for the security and benefit of the estates of deceased persons, and not for the security and benefit of the executors or administrators, as such. *McAuslan* v. *Union Trust Co.,* 46 R. I. 176, 181; *Atwood* v. *Rhode Island Agr. Bank,* 2 R. I. 191.

In *Carney* v. *Hawkins,* 34 R. I. 297, where the statute involved was substantially the same as the one in the instant case, this court, at page 303, citing previous decisions in this state, held that a claim against the estate of a deceased person is "absolutely extinguished by the special statute of limitations if not sued within six months after notice of disallowance of the claim." On the authority of *Kenyon* v. *Probate Court,* 27 R. I. 566, and *Thompson* v. *Hoxsie,* 25 R. I. 377, it further held that the executor or administrator cannot waive this statute of limitations, and that when he attempts to do so the court will on its own motion, upon discovering the fact, apply the statute. We see no reason in the instant case for departing from the construction repeatedly given to this statute in our decisions. See *O'Rourke* v. *O'Rourke,* 55 R. I. 367, 369.

When the plaintiff brought her first action she was well within the terms of this statute. Thereafter, failing in her attempt to have counsel for the defendants stipulate that the case be assigned for trial to the jury calendar, she then, intentionally and voluntarily, discontinued her action in accordance with G. L. 1938, chap. 523, §2.

The plaintiff then brought her second action on the disallowed claim after the period of six months, within which suit on such a claim shall be brought, as provided in G. L. 1938, chap. 578, §11, had expired. The defendants having questioned her right to do so by the pleadings in this case, she now says that the institution of this second action is justified by G. L. 1938, chap. 510, §9, which, in so far as pertinent, reads as follows: "If any action which has been . . . duly commenced within the time limited and allowed therefor, shall be abated or otherwise avoided or defeated by the death of any party thereto, or for any matter, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit as aforesaid . . . ."

Relying upon this statute the plaintiff contends that, having brought her first action within the six months allowed by G. L. 1938, chap. 578, §11, the action in this case is authorized by the statute just quoted. She argues that the voluntary discontinuance of the first action was a termination of that action within the meaning of the words "for any matter" in the statute. This contention is without merit: first, because it disregards the language of the statute which precedes the words under consideration and which modifies and limits their meaning; and second, because the statute, in practically the same form as it now exists, was construed adversely to the plaintiff's contention in *Robinson* v. *Merchants' & Miners' Trans. Co.,* 16 R. I. 637.

In that case one of the grounds for the dismissal by the court of the plaintiff's first action was the failure of the plaintiff to comply with an order of the court to furnish surety for costs. Contrary to the contention of the plaintiff in the instant case, the defendant in the *Robinson* case contended that the dismissal of the plaintiff's first action was to be regarded as a consequence of his voluntary act rather than as an avoidance or defeat of it "for any matter", and that, therefore, the first action was not abated, avoided and defeated within the meaning of the statute, so as to warrant him in bringing another action for the same cause.

In deciding this contention, the court, at page 639 of the opinion, says: "The language of section 8 (Pub. Stat. R. I., chap. 205, now G. L. 1938, c. 510, §9) is very broad, but we do not think it can be held to apply in favor of a plaintiff who abandons his action for no other cause than his own will or choice. The words 'abated', 'avoided', 'defeated' point to some cause or condition external to the plaintiff, operating adversely to him; they are not such words as would naturally be used to designate a voluntary abandonment; . . . and we are, therefore, of the opinion that if a plaintiff, having been ordered to furnish surety, fails to do

so either from choice or from wilful neglect to use proper effort, his failure is to be deemed a voluntary default, and that, after dismissal in such case, section 8 will not apply in his favor." See *Sullivan* v. *White*, 36 R. I. 488, 493.

There is no reason for departing from the construction given to the statute in the *Robinson* case, which, in our opinion, was correct. In so deciding we have in mind our recent decision in *Davis* v. *Higgins*, 63 R. I. 352, where the issue was clearly different from the one in the instant case.

The cases of *Eaton* v. *Chapin*, 7 R. I. 408, *Clarke* v. *Farnum*, 7 R. I. 519, and *Pesce* v. *Mondare*, 30 R. I. 247, cited to us by the plaintiff, have no application to the question before us. In the *Eaton* case the plaintiff's original action was abated for want of sufficient service of the writ; in the *Clarke* case the action was abated because of a defective service of the writ; and in the *Pesce* case the action was abated following an involuntary nonsuit entered upon defendant's motion at the conclusion of the plaintiff's testimony. In all these cases the original action was abated by some cause or condition external to the plaintiff, operating adversely to him, and not by his own will and choice.

The provision of G. L. 1938, chap. 578, §11, requiring that an action on a disallowed claim be brought within six months after notice of disallowance, is jurisdictional. In this case the plaintiff's original action was terminated by her own discontinuance of that action, thereby leaving the situation as though suit had never been brought. When she instituted the present action her claim was barred by the statute just above mentioned, unless she was authorized to bring this action by the provisions of G. L. 1938, chap. 510, §9, which, for the reasons already stated, we have found not to apply in the circumstances of this case. The ruling of the superior court sustaining the defendants' demurrer is without error.

The plaintiff's exception is therefore overruled, and the case is remitted to the superior court for further proceedings.

*Charles R. Easton,* for plaintiff.

*Andrew P. Quinn, Alan P. Cusick,* for defendant.