Debra SIMMONS

v.

STATE of Rhode Island.

and

M.A. GAMMINO CONSTRUCTION
COMPANY

v.

C.E. MAGUIRE, INC., and Jesse
D. King.

No. 81–274–Appeal.

Supreme Court of Rhode Island.

July 12, 1983.

John F. Cuzzone, Jr. and Samuel A. Miller, Providence, for plaintiff.

John G. Coffey, Jr., William K. O'Donnell and Ralph Della Rosa, Providence, for defendant.

OPINION

KELLEHER, Justice.

This is a Superior Court negligence action arising out of a May 1, 1966 automobile collision that occurred in Providence when a vehicle operated by Jesse D. King (King), a Massachusetts resident, while traveling on Interstate Route I–195, crossed the median divider and struck an automobile in which the plaintiff, Debra Simmons (Debra), was a passenger. The collision occurred near the South Main Street exit ramp. A medical report in the record indicates that Debra was about nine years old at the time of the collision.

This litigation was commenced more than nine years after the collision, on January 9, 1976, by the filing of a complaint by Debra's father, George, as her next friend. The father was seeking $5,000 in damages and alleged that Debra was injured because the State of Rhode Island (the state) and the M.A. Gammino Construction Company (Gammino) were negligent in the maintenance and design of the highway. Later, on February 7, 1976, Debra's father was permitted to file an "Amended Complaint," in which the damages claimed were increased to $50,000. The state responded to the amended complaint by filing a motion to dismiss on the grounds of governmental immunity and the statute of limitations. This motion was denied. Gammino, for its part, filed an answer in which it denied all allegations of negligence and later sought a dismissal of the complaint on the basis of the statute of limitations and the doctrine of governmental immunity. On March 8, 1976, Gammino's motion to dismiss was denied, but Debra's motion that she be per-

mitted to file a second amended complaint in her own name was granted. Subsequently, in October 1977, Gammino was permitted to file a cross-claim against the state and to issue a third-party complaint against King, the Massachusetts operator, for negligent operation of the vehicle and against C.E. Maguire, Inc. (Maguire), an engineering firm and the party allegedly responsible for the highway's defective design.

Time marched on, and on December 8, 1977, Debra, who at that time unquestionably had reached the age of majority, was permitted to file a third amended complaint in which she added King and Maguire as defendants and sought $50,000 in damages against King for his negligent driving and a similar amount from Maguire for its defective design. Through the inadvertence of counsel, copies of the summons and third amended complaint were not served upon Maguire until three years later, specifically, January 16, 1981. Upon receipt of the complaint, Maguire filed a motion to dismiss Debra's complaint for failure to serve process within a reasonable time. The motion was granted, and Debra is now before us on her appeal from that dismissal.

Recently, in *Curtis v. Diversified Chemicals and Propellants Co.,* R.I., 440 A.2d 747, 749 (1982), we once again noted that a Superior Court justice could invoke the provisions of Rule 41(b)(2) of the Superior Court Rules of Civil Procedure and dismiss a plaintiff's action for failure to exercise due diligence in procuring service of process upon his adversary. The plaintiffs in *Curtis* urged us to require a showing of prejudice on the part of the defendant as a precondition to the grant of dismissal, and Debra takes a similar position. We declined to do so in *Curtis,* and we decline to do so here.

■ The duty of due diligence by the plaintiff is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable delay may be presumed. *Citizens Utilities Co. v. American Telephone and Telegraph Co.,* 595 F.2d 1171, 1174 (9th Cir.1979). In an oft-quoted observation,

Judge Harold R. Medina, after noting that Rule 41(b) is a proper vehicle for dismissing an action because of lack of due diligence in prosecuting, wrote:

> "The operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion. * * * It may well be that the latter factor may be considered by the court, especially in cases of moderate or excusable neglect, in the formulation of its discretionary ruling." *Messenger v. United States,* 231 F.2d 328, 331 (2d Cir. 1956).

We have held that Super.R.Civ.P. 4 implicitly requires that service of process be effectuated "within a reasonable time after a complaint has been filed, absent a showing by the plaintiff that such delay was excusable." *Caprio v. Fanning & Doorley Construction Co.,* 104 R.I. 197, 199–200, 243 A.2d 738, 740 (1968).

■ In the case at bar, not one word of explanation was offered to the trial justice about why there was a three-year hiatus between the time of the filing of the amended complaint making Maguire a defendant in Debra's suit and the service of process. On this record, it would have been a gross abuse of discretion to do anything but what the trial justice did.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

MURRAY, J., did not participate.