**Philip J. HOPP et al.**

v.

**C.H.B. DEVELOPMENT CORP. et al.**

**No. 94–645–Appeal.**

Supreme Court of Rhode Island.

Jan. 22, 1996.

Dino Brosco, A.J. Brosco, Providence, for Plaintiff.

Thomas F. Connors, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on December 4, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant Claire A. Connors, in her capacity as executrix of the estate of Leo T. Connors, appeals from a summary judgment entered for the plaintiffs, Philip J. Hopp and Barbara Hopp.

The parties are in substantial agreement with respect to the facts of this case. On August 14, 1987, defendants, C.H.B. Development Corp., Robert Burgess, Jonathan Houston, and Leo T. Connors, executed and delivered a $75,000 promissory note to plaintiffs. The defendants defaulted by failing to make payments under the note. On June 28, 1989, plaintiffs commenced this action against defendants, alleging breach of the promissory

note. Each defendant was represented by individual counsel.

On September 21, 1990, defendant Leo T. Connors died. The other defendants, C.H.B. Development Corp., Robert Burgess, and Jonathan Houston, filed chapter-11 bankruptcy petitions. On October 11, 1990, Claire A. Connors was appointed executrix of Leo T. Connors's estate. Approximately one month later, on December 18, 1990, plaintiffs filed a suggestion of death on the record in Superior Court. On December 28, 1990, plaintiffs filed their claim against that defendant's estate, which was denied by the executrix on January 16, 1991.

On October 13, 1993, more than three years after Claire A. Connors had been appointed executrix, plaintiffs filed a motion to substitute the executrix as a party defendant for deceased defendant Leo T. Connors. The executrix objected to plaintiffs' motion and filed a motion to dismiss plaintiffs' complaint on the grounds that plaintiffs' motion was untimely filed.

On November 17, 1993, the trial justice granted plaintiffs' motion to substitute without prejudice to defendant's contesting the timeliness or propriety of the substitution. On April 4, 1994, plaintiffs filed an amended complaint that was identical to the first complaint except that it named the executrix as defendant. Both defendant executrix and plaintiffs thereafter filed motions for summary judgment. On August 3, 1994, the trial court granted plaintiffs' motion for summary judgment and denied defendant executrix's motion for summary judgment. On August 5, 1994, defendant executrix filed an appeal to this court.

On appeal, the defendant executrix argues that the trial justice erred in granting summary judgment to plaintiffs. In granting summary judgment, the trial justice found that the specific statute of limitations, G.L. 1956 (1984 Reenactment) § 33–11–48, as amended by P.L.1984, ch. 402, § 1, and the general statute of limitations, G.L.1956 (1985 Reenactment) § 9–1–21, do not apply to litigation already pending prior to the death of the decedent. The trial justice relied on *Sprague v. Greene*, 20 R.I. 153, 37 A. 699 (1897), to conclude that plaintiffs' motion to

substitute parties, filed more than three years after the death of the decedent, Leo T. Connors, was not unreasonable since the estate was already on notice of plaintiffs' claim against it. The trial court therefore entered summary judgment for plaintiffs as a matter of law.

■ As we have often stated, we shall uphold a trial justice's grant of summary judgment when our review reveals no issue of material fact and the moving party is entitled to judgment as a matter of law. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). Both parties in the present case concede that there are no genuine issues of material fact to be litigated at trial. Therefore, the only issue of law to be determined by this court is whether plaintiffs served their motion to substitute upon defendant within a reasonable period, in circumstances in which the action was pending prior to the death of the decedent and the motion for substitution was served more than three years after the executrix had been appointed. Since this is a question of first impression for this court, it is necessary for us to review the applicable law.

■ As an initial matter, we find that the trial justice correctly concluded that the special statute of limitations, § 33–11–48, and the general statute of limitations, § 9–1–21, do not apply to actions that are pending prior to the death of a party. Section 33–11–48 provides that "[s]uit on claims disallowed prior to the expiration of six (6) months from said first publication may be brought no later than thirty (30) days after the expiration of six (6) months from said first publication." In *Gray v. Ahern*, 63 R.I. 363, 9 A.2d 38 (1939), we discussed the intent of the Legislature in enacting such special statutes of limitations for probate actions. Specifically, we addressed the legislative purpose of G.L. 1938, ch. 578, § 11, which was later amended by § 33–11–48, and found that the "legislature, in enacting this particular statute and those of a similar nature which preceded it, limited the bringing of suits against the personal representatives of deceased persons to

within the designated time."[1] *Gray*, 63 R.I. at 365, 9 A.2d at 39. "These special statutes of limitation were created for the security and benefit of the estates of deceased persons, and not for the security and benefit of the executors and administrators, as such." *Id.* We therefore held that "a claim against the estate of a deceased person is 'absolutely extinguished by the special statute of limitations if not sued within six months after notice of disallowance of the claim.'" *Id.* at 366, 9 A.2d at 39. We did not state that the special statute of limitations applied to those cases that are pending prior to the death of a party. Accordingly, we are of the opinion that the trial justice in the present case correctly concluded that § 33–11–48 applies only to those causes of action that are commenced after the decedent's death.

■ In addition the trial court properly found that the general statute of limitations, § 9–1–21, does not apply to the instant case. Section 9–1–21 provides that a suit by or against the executor or administrator of a deceased person's estate *must be brought within three years of the decedent's death.* Clearly, this section, like § 33–11–48, applies only to actions that are commenced after the decedent's death.

■ Although the trial court was correct in concluding that the statutes of limitations provided in § 33–11–48 and in § 9–1–21 do not apply to actions already pending prior to the death of the decedent, the trial court was nevertheless incorrect in granting summary judgment as a matter of law. The trial court primarily relied on our 1897 decision, *Sprague, supra,* to determine that plaintiffs' motion to substitute occurred within a reasonable period "in light of the fact that the estate was on notice of the claim of the pendency of this litigation * * *."

In *Sprague* we found that the plaintiffs' suit did not abate by the death of the defen-

dant decedent and "it was the duty of his executrix and of the administrators to have taken on themselves the defen[s]e of the suit at the point where it was left at his decease." *Sprague*, 20 R.I. at 156–57, 37 A. at 700. In a more recent opinion, however, we stated that "[i]t is a basic common-law principle that if a party dies before a verdict or decision is rendered in an action against him, the action abates as to him and must be dismissed unless it is revived by substituting his personal representative." *LesCarbeau v. Rodrigues*, 109 R.I. 407, 410–11, 286 A.2d 246, 248 (1972).[2] We stressed that the "procedure for revival of an action by substitution of the personal representatives is not a mere technicality but rather it is the sole means by which the court obtains jurisdiction over the personal representative." *Id.* at 411, 286 A.2d at 248. We are persuaded by this reasoning in our more recent opinion and conclude that our holding in *LesCarbeau* is persuasive in resolving the appeal before us. Consequently this court's decision in *Sprague, supra,* does not apply to the present case.

■ In determining whether the trial court had jurisdiction over the personal representative of a defendant decedent in a situation in which an action was already pending against that defendant, we required in *LesCarbeau* that a motion to substitute be served upon the newly substituted party pursuant to Rule 4 of the Superior Court Rules of Civil Procedure. *LesCarbeau*, 109 R.I. at 411, 286 A.2d at 248. Rule 4 deals expressly with the service of process. There is no time limit for the issuance of process set forth in that rule. However, we have consistently held that service of process must be effectuated "within a reasonable time after a complaint has been filed, absent a showing by the plaintiff that such delay was excusable." *Simmons v. State*, 462 A.2d 974, 975 (R.I.

---

**1.** General Laws 1938, ch. 578, § 11, provides that a "[s]uit may be brought on a disallowed claim within 6 months after notice is given to the claimant that the same is disallowed * * * and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor or administrator." Although this statute was later amended by G.L.1956 (1984 Reenactment) § 33–11–48, as amended by P.L.1984, ch. 402,

§ 1, the intent of the Legislature in enacting special statutes of limitations for probate actions remains the same.

**2.** The comments in *LesCarbeau v. Rodrigues*, 109 R.I. 407, 286 A.2d 246 (1972), relating to jurisdiction are not controlling and in any event would not be applicable to this case.

1983) (quoting *Caprio v. Fanning & Doorley Construction Co.*, 104 R.I. 197, 199–200, 243 A.2d 738, 740 (1968)). When, as here, the service of process was not effectuated within a reasonable time, such delay may serve as a basis for the dismissal of an action. *DiBello v. St. Jean*, 106 R.I. 704, 262 A.2d 824 (1970) (an unreasonable delay in procuring service of summons constitutes a noncompliance with Rule 4(b), for which a plaintiff's action may be dismissed). *See also Catone v. Multimedia Concepts, Inc.*, 483 A.2d 1081 (R.I.1984); *Curtis v. Diversified Chemicals & Propellants Co.*, 440 A.2d 747 (R.I.1982).

In addressing the issue of whether a service of process was effectuated within a reasonable time, we have, on several occasions, affirmed the trial court's dismissal of an action when it was unreasonable for a party to serve process more than one year after the complaint had been filed. In *Caprio v. Fanning & Doorley Construction Co.*, 104 R.I. 197, 243 A.2d 738 (1968), we found that the trial justice did not abuse his discretion in dismissing the plaintiff's action when more than one year had elapsed from the time the plaintiff filed her complaint to the time she issued process. Moreover, in *Catone, supra,* the plaintiff's failure to serve process upon a defendant for thirteen months was held unreasonable and therefore justified the involuntary dismissal of the claim against that defendant. *See also Simmons v. State*, 462 A.2d 974 (R.I.1983) (a three-year delay between the time of the filing of the amended complaint naming an additional defendant and the serving of process was unreasonable and therefore warranted dismissal of the suit against the additional defendant).

In the present case we are persuaded that the trial court erred in holding as a matter of law that plaintiffs had served their motion to substitute upon defendant executrix within a reasonable time. The defendant decedent died on September 21, 1990. On October 11, 1990, Claire A. Connors was appointed executrix of Leo T. Connors's estate. On October 13, 1993, more than three years after Claire A. Connors had been appointed executrix, plaintiffs filed a motion to substitute. The plaintiffs were aware that an executrix was appointed for the decedent's estate. In fact, on December 18, 1990, approximately one month after Claire A. Connors had been appointed executrix, plaintiffs filed a suggestion of death on the record in Superior Court. Ten days later, on December 28, 1990, plaintiffs filed their claim against defendant's estate which was denied by the executrix on January 16, 1991. The plaintiffs' motion to substitute, however, was not filed until more than three years after the executrix had been appointed.

The plaintiffs' three-year delay in serving the motion to substitute raises the issue of reasonableness. Accordingly, the trial court erred in entering summary judgment for the plaintiffs and against the executrix as a matter of law.

After hearing the arguments of counsel and reviewing the memoranda which the parties have submitted, we sustain the defendant executrix's appeal. We vacate the summary judgment entered for the plaintiffs and remand the papers of the case to the Superior Court to determine as a matter of fact whether the plaintiffs' delayed filing of their motion to substitute was excusable.