David RICCI

v.

Sara RICCI.

No. 95–354–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 1997.

Frank S. Lombardi, Providence, for Plaintiff.

Moira E. Reynolds, David E. Maglio, III, Providence, for Defendant.

## OPINION

PER CURIAM.

This is an appeal from an order of the Superior Court dismissing the complaint of the plaintiff, David Ricci, for his failure to show good cause why he was unable to serve process on his eighty-eight-year-old grandmother (the defendant, Sara Ricci) in a timely fashion. Counsel for the parties came before us to show cause why the issues raised by this appeal should not be determined without further briefing and argument. Having reviewed their arguments, we perceive no cause, and for the reasons set forth below, we deny and dismiss this appeal.

On or about January 12, 1994 (two days before the expiration of the applicable three-year statute of limitations), plaintiff filed a negligence complaint in Superior Court, seeking monetary damages from his grandmother for personal injuries he claims to have suffered on January 14, 1991, when he fell on an icy walkway outside her home. Perhaps in days gone by, after a winter's storm, a dutiful grandson would have been less inclined to sue his octogenarian grandmother and more favorably disposed to help her remove any snow and ice from the sidewalk. But here, in a modern inversion of the Little Red Riding Hood story, plaintiff may have noticed what big insurance coverage his grandmother appeared to have and diverted his cleanup efforts from the sidewalk to her

policy. In any event, after having been served with a copy of the complaint and summons on August 31, 1994, defendant moved to dismiss the complaint pursuant to Super.R.Civ.P. 41(b)(2),[1] alleging that the seven and a half months it took for plaintiff to serve her after initiating this lawsuit constituted an unreasonable and inexcusable delay between the filing of the complaint and the service of process. Following a hearing, a motion justice dismissed the complaint and plaintiff appealed.

■ Rule 4 of the Superior Court Rules of Civil Procedure was amended, effective September 5, 1995, to add subsection (*l*), which states that service of the summons and complaint shall occur "within 120 days after the commencement of the action" (absent a showing of good cause by the plaintiff for not doing so). *See* Compiler's Notes to Rule 4. Before this amendment, we had held that Rule 4(b)[2] implicitly required service of process to occur "within a reasonable time following the filing of a complaint, unless a plaintiff can demonstrate that a longer delay was excusable." *Catone v. Multimedia Concepts, Inc.,* 483 A.2d 1081, 1083 (R.I.1984) (delay of thirteen months between filing of complaint and service of process upon defendant held unreasonable); *Simmons v. State,* 462 A.2d 974, 975 (R.I.1983) (delay of three years held unreasonable); *Curtis v. Diversified Chemicals and Propellants Co.,* 440 A.2d 747, 749 (R.I.1982) (delays of four to seven months in serving various defendants held unreasonable); *Caprio v. Fanning & Dooley Construction Co.,* 104 R.I. 197, 200, 243 A.2d 738, 740 (1968) (delay of more than twelve months held unreasonable). The pur-

pose of this construction was to ensure the "just, speedy and inexpensive determination of every action." *Caprio,* 104 R.I. at 200, 243 A.2d at 740 (quoting Super. R. Civ. P. 1). Because our case law interpreting the prior version of Rule 4 is essentially consistent with the presumptive 120–day deadline for service of process established by the 1995 amendment, it would not "work injustice" for us to apply this new rule here.[3]

■ Using a constable, plaintiff served defendant with a copy of the complaint and summons more than seven months after filing that complaint. The plaintiff submitted to the Superior Court an affidavit from this constable explaining why it took so long to serve defendant. Although she visited defendant's house several times, the constable stated that she could not get defendant to open the door. Because the constable was a stranger vis-à-vis defendant and because defendant apparently lived alone, the motion justice thought that defendant's conduct did not necessarily indicate that she was deliberately eluding service; rather, the motion justice believed, defendant may well have been afraid or unwilling to open the door to a stranger when she was alone in the house. The constable's affidavit further stated that she was only able to complete service on August 31, 1994, because defendant's daughter happened to be at defendant's residence when she arrived.

Nonetheless, the motion justice determined that the delay in serving process was unreasonable. In particular, the court noted that the affidavit fell "short of explaining the reasonable basis for the delay" because it

---

1. Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, in pertinent part, reads:

   "On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision."

2. Rule 4(b) of the Superior Court Rules of Civil Procedure reads:

   "The summons may be procured in blank from the clerk and shall be filled out by the plaintiff's attorney as provided in subdivision (a) of this rule. The plaintiff's attorney shall deliver to the person who is to make service the original summons upon which to make his or her return of service and a copy of the summons

and of the complaint for service upon the defendant. Additional summons may be issued against any defendant." (1994 version.)

3. *See* Supreme Court Order dated June 13, 1995 ("These amendments [to the civil procedure rules] shall be effective on September 5, 1995, and shall govern all proceedings in civil actions thereafter commenced and also all further proceedings in actions then pending, except to the extent that in the opinion of the court such application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies"). (Emphasis added.)

offered no particulars in regard to the constable's previous efforts at attempting to serve process over the seven-month period that elapsed after the complaint was filed. In addition, the motion justice rejected plaintiff's argument that defendant had deliberately attempted to thwart service by not opening her door to the constable, finding defendant's actions were not those "of a person who is ducking service" but "merely the conduct of a frightened eighty-eight year old woman who lives alone." The motion justice also noted that plaintiff, upon learning of defendant's reluctance to answer the door, could have applied to the court for an order allowing him to effect service by alternative methods. Therefore, the motion justice dismissed the complaint for plaintiff's failure to show due diligence in serving defendant with process.

We have consistently held that the factual findings of a Superior Court justice will not be disturbed unless the justice was clearly wrong or has overlooked or misconceived material evidence. *See Curtis,* 440 A.2d at 749. Rule 4(b) imposed an obligation upon plaintiff to exercise due diligence in effectuating service of process upon defendant. *See Simmons,* 462 A.2d at 975 ("[t]he duty of due diligence by the plaintiff is imposed because of the strong policy favoring prompt disposition of cases"). Upon review of the record, we are unable to conclude that the factual findings of the motion justice concerning plaintiff's lack of due diligence were clearly erroneous or that material evidence was overlooked or misconceived. The constable's affidavit does not explain why plaintiff failed to seek alternative service. Nor does it provide enough details and particulars concerning each occasion when service was unsuccessfully attempted on plaintiff's grandmother for the motion justice to have had an adequate basis to find due diligence or "good cause why such service was not made within that [120 day] period * * *." Super.R.Civ.P. 4(*l* ). Therefore, we shall not disturb these findings on appeal.

Prior to the 1995 addition of subdivision (*l* ) to Rule 4, this court had held that delays of between four and seven months in serving process upon defendants were unreasonable

and inexcusable, and therefore, we upheld the dismissal under Rule 41(b)(2) of complaints served on defendants in such circumstances. *See, e.g., Curtis,* 440 A.2d at 749. In the present case the delay was seven and a half months long and, as discussed above, the plaintiff was unable to carry his burden of showing due diligence and good cause for this delay under either the present or the former version of Rule 4. Therefore, pursuant to both Rule 4(*l* ) and Rule 41(b)(2), we hold that the motion justice did not abuse her discretion in granting the defendant's dismissal motion for the plaintiff's failure to procure service in a timely manner.

For the foregoing reasons the plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of this case are remanded to the Superior Court.