**Robert L. NORCLIFFE et al.**

v.

**Sanford J. RESNICK.**

**No. 95–730–Appeal.**

Supreme Court of Rhode Island.

June 11, 1997.

Lauren E. Jones, Providence, for plaintiff.

John B. Webster, Warwick, Jason R. Marinelli, East Greenwich, for Defendant.

Before LEDERBERG and BOURCIER, JJ., and SHEA, J. (Retired).

## OPINION

PER CURIAM.

This matter came before the Supreme Court on April 15, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs, Robert L. and Luella M. Norcliffe, appeal from an order of the Superior Court denying their motion to vacate a judgment dismissing their complaint against the defendant, Sanford J. Resnick. The denial of the motion to vacate the judgment was premised upon the plaintiffs' failure to serve process upon the defendant within a reasonable time following the filing of the complaint. After reviewing the memoranda submitted by the parties and hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

On June 10, 1994, plaintiffs filed a complaint in Superior Court, seeking monetary damages against defendant for legal malpractice and negligent misrepresentation concerning his preparation and execution of a quit-claim deed to certain real property. Counsel for plaintiffs mailed a copy of the complaint to defendant soon after filing it. However, it was not until approximately fourteen months later, August 9, 1995, that counsel for plaintiffs effectuated service of process on defendant in accordance with Rule 4 of the Superior Court Rules of Civil Procedure. The defendant then filed a motion to dismiss the complaint on the basis that the fourteen-month delay in serving process following the filing of the complaint was unreasonable. Subsequently counsel for plaintiffs failed to appear at the hearing on the motion to dismiss, and the court granted the motion.

On September 14, 1995, plaintiffs moved to vacate the order dismissing the complaint on the basis of excusable neglect. Following a hearing on the matter, the trial justice excused counsel's failure to appear at the motion to dismiss but concluded that plaintiffs' explanation of their unreasonable delay in serving process on defendant did not justify vacating the judgment. Accordingly the trial justice entered an order denying plaintiffs' motion to vacate on October 13, 1995. On

October 26, 1995, plaintiffs filed a notice of appeal to this court.

 It is well settled that a motion to vacate a judgment is "addressed to the sound discretion of the trial justice," and his or her ruling on the issue will not be disturbed on appeal, absent a showing of abuse of discretion. *Forcier v. Forcier,* 558 A.2d 212, 214 (R.I.1989). In our opinion the trial justice properly dismissed the complaint against defendant because the fourteen month delay in effecting service of process on defendant was unreasonable and unjustified.

 Pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, a trial justice may grant a defendant's motion to dismiss for a plaintiff's failure to comply with the rules of civil procedure. *Curtis v. Diversified Chemicals and Propellants Co.,* 440 A.2d 747, 749 (R.I.1982). An unreasonable delay in procuring service of process constitutes noncompliance with Rule 4 of the Superior Court Rules of Civil Procedure for which dismissal may be granted pursuant to Rule 41(b)(2). 440 A.2d at 749.

Indeed, Rule 4 was amended in 1995 to require service of the summons and complaint "within 120 days after commencement of the action." Super.R.Civ.P. 4. A plaintiff's failure to effect service of process within that period without good reason for the delay causes the action to be dismissed. *Id.* The amendment, effective September 5, 1995, governs "proceedings in civil actions thereafter commenced" as well as "actions then pending," except when application of the amendment would work injustice. *See Ricci v. Ricci,* 689 A.2d 1051, 1052 n. 3 (R.I.1997).

 Prior to the 1995 amendment Rule 4 did not set forth a time limitation within which service must be accomplished after a complaint is filed. Nonetheless, this court held in a series of cases that an implicit requirement existed that service of process be accomplished within a reasonable time following the filing of the complaint unless a plaintiff can demonstrate that the delay was excusable. *Catone v. Multimedia Concepts, Inc.,* 483 A.2d 1081, 1083 (R.I.1984) (thirteen-month delay held unreasonable); *Simmons v. State,* 462 A.2d 974, 975 (R.I.1983) (three-

year delay held unreasonable); *Curtis,* 440 A.2d at 749 (four- to seven-month delay held unreasonable); *Caprio v. Fanning & Doorley Construction Co.,* 104 R.I. 197, 200, 243 A.2d 738, 740 (1968) (delay for more than twelve months held unreasonable). It is irrelevant in the instant case whether the present or the former Rule 4 governs because under either rule plaintiffs' fourteen-month delay in effectuating service on defendant is presumptively unreasonable.

 Further, plaintiffs' explanation that they did not properly serve defendant because of an expectation that the parties would resolve their dispute or alternatively that defendant would readily accept informal service of process is not sufficient to constitute excusable neglect. The plaintiffs concede that by December 6, 1994, it was clear that defendant would not admit liability. Still approximately eight more months passed before defendant was properly served with a copy of the summons and the complaint. We have previously stated that a trial justice's factual findings will not be disturbed on appeal unless they are clearly wrong or unless material evidence has been overlooked or misconceived. *Ricci,* 689 A.2d at 1053. We find nothing in the record before us to indicate that the trial justice's decision was clearly wrong. On the contrary the record supports the trial justice's finding of unreasonable delay.

 Alternatively the plaintiffs urge us to require a showing of prejudice to the defendant as a precondition to dismissal under Rule 41(b)(2). A showing of prejudice, however, is not required to sustain a trial justice's dismissal of the complaint for a plaintiff's failure to comply with the requirements of Rule 4. *See Curtis,* 440 A.2d at 749; *Simmons,* 462 A.2d at 975. Having found that the fourteen-month delay in effecting service of process was unreasonable and inexcusable, the trial justice did not abuse his discretion in dismissing the complaint.

For the reasons stated, the appeal is denied and dismissed and the judgment below is affirmed. The papers in the case may be remanded to the Superior Court.

WEISBERGER, C.J., and GOLDBERG, J., did not participate.