**Malek AHMED**

v.

**Charles GREENWOOD.**

**No. 96–191–Appeal.**

Supreme Court of Rhode Island.

Jan. 28, 1998.

Kevin B. McBurney; Malek Ahmed, pro se.

Christopher M. Orton, Warwick.

### ORDER

The plaintiff, Malek Ahmed, appeals from a Superior Court order granting summary judgment in favor of the defendant, Charles Greenwood. We ordered the parties to show cause why this appeal should not be summarily decided. No cause having been shown, we proceed to decide the appeal.

The order granting summary judgment was entered on March 18, 1996. Thus, because of the 20–day appeal period set forth in Rule 4(a) of the Supreme Court Rules of Appellate Procedure, the time for filing a notice of appeal expired on April 7, 1996. The plaintiff's appeal was not filed until April 9, 1996. This court permitted the plaintiff to file a motion in the Superior Court for leave to prosecute this appeal out of time. Although the plaintiff filed such a motion in another action (not in the action pending on appeal), the Superior Court heard and denied that motion. Thus, because the Superior Court has not extended the time for filing the notice of appeal, plaintiffs appeal is untimely and is not properly before this court.

However, even were we able to address the substantive issue in this case, we would conclude that the hearing justice did not err in granting the summary-judgment motion. The plaintiff argues that G.L. 1956 § 9–1–22, also known as the "savings statute," is applicable in this case because his complaint here (C.A. No. 95–5521) was timely filed within one year of the termination of the first complaint (C.A. No. 92–6826). However, the trial justice found that the first complaint also had been untimely filed. We agree with this ruling. Therefore it follows that § 9–1–22 is not applicable in this action and that the trial justice did not err in granting summary judgment. We also note, however, that even if the first lawsuit had not been time-barred, the savings statute (§ 9–1–22) would not be applicable when, as here, a plaintiff has abandoned an earlier action for no other cause than his own will or choice. *See Gray v. Ahern,* 63 R.I. 363, 367–68, 9 A.2d 38, 40 (1939).

Based upon the foregoing, the plaintiffs appeal is dismissed and the judgment affirmed.

LEDERBERG and BOURCIER, J., did not participate.