## Marianne M. BOWDEN

v.

## Dr. Andrew J. LOMBARDI.

### No. 99–85–Appeal.

Supreme Court of Rhode Island.

Dec. 2, 1999.

### ORDER

The plaintiff, Marianne Bowden, appeals from a Superior Court judgment dismiss-

ing her complaint against the defendant, her former employer, Dr. Andrew Lombardi, pursuant to Super.R.Civ.P. 12(b)(5). This case came before the Court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

According to the plaintiff's complaint, she alleged that the defendant had provided her with "involuntary manipulations"[1] and allegedly charged the plaintiff's insurance company for the ostensible treatment, which later resulted in a federal investigation regarding the doctor's insurance billing practices. Although the defendant had not been served with the complaint, he became aware of its filing, and his attorney notified the plaintiff's attorney that he was willing to accept service of process on behalf of the defendant. Plaintiff, however, did not serve a copy of the complaint upon the defendant's attorney nor was the doctor himself ever served within 120 days as required by Rule 4(1) of the Superior Court Rules of Civil Procedure. Accordingly, the defendant's motion to dismiss pursuant to Super.R.Civ.P. 12(b)(5) was granted.

The plaintiff appeals, asserting first, that the defendant had intimidated her in the past and she feared that he would "legally intimidate" her through any discovery process. Secondly, she claims that she did not serve the defendant as required, but instead, opted to withhold service until her part in the investigation by the federal authorities concerning the alleged insurance fraud by the defendant had been completed. Accordingly, she contends that service of the complaint upon the defendant only five days after the 120 day deadline had expired was not unreasonable.

The Superior Court hearing justice rejected the reasons advanced by the plaintiff seeking to justify her failure to effect service upon the defendant within the Rule 4(1) 120 day deadline, and accordingly found that service upon him had not been effected within a reasonable time. On appeal, this Court gives deferential consideration to the factual findings made by a hearing justice, and those findings will not be disturbed unless they are clearly wrong or unless the hearing justice has overlooked or misconceived material evidence in making his or her findings. *See e.g., Norcliffe v. Resnick,* 694 A.2d 1210, 1212 (R.I.1997) (per curiam). We are satisfied from our review of the case record that the plaintiff has failed to persuade us that the Superior Court hearing justice misconceived or overlooked any material evidence or that her findings were erroneous.

Accordingly, we deny and dismiss the appeal and affirm the judgment of the Superior Court to which we return the papers in this case.

---

1. In chiropractic "manipulation" is a term of art that refers to the literal manipulation of bones and joints. Here, the plaintiff claimed that the manipulations were "involuntary" because he provided them to her while she worked in her chair. Furthermore, she claimed that she had to accept the treatment unless she wanted to leave her job. Tr. 2.