December 4, 2018

**Supreme Court**
No. 2017-132-A.
(KC 10-33)

Antonio P. Duffy              :

v.                   :

Town of West Warwick, by and through its  :
  Finance Director, Malcolm Moore, et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Antonio P. Duffy                          :

                      v.                   :

Town of West Warwick, by and through its   :
  Finance Director, Malcolm Moore, et al.

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  The plaintiff, Antonio P. Duffy, appeals from a final judgment of the Superior Court granting the defendants' motion to dismiss pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure.  This matter came before this Court on November 8, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has not been shown. Thus, further argument or briefing is not required to decide this matter.  For the reasons outlined below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The pertinent facts of this case are as follows.  Sometime between December 2007 and June 2008,[1] plaintiff was arrested, and allegedly assaulted, by uniformed officers of the West

---

[1] At the hearing on defendants' motion to dismiss, defendants indicated that the incident occurred on May 28, 2008, while plaintiff's counsel stated that "it happened in around [*sic*] 2007, December, 2008."  We note that the complaint alleges that the incident occurred on May 18, 2008.

Warwick Police Department. Subsequently, on January 8, 2010, plaintiff, through his then-attorney, filed the instant action in Kent County Superior Court against Michael J. Nye and Stephen J. Blais—two officers of the West Warwick Police Department—and the Town of West Warwick. Service, however, was not completed at that time. More than five years elapsed before plaintiff retained a new attorney in January 2015; and, on February 24, 2015, plaintiff had copies of the complaint and summonses served upon defendants.

In response, on March 5, 2015, defendants, in lieu of filing an answer, and in accordance with Rule 41(b), filed a motion to dismiss based on lack of prosecution and failure to serve process upon defendants within the time required in Rule 4(l) of the Superior Court Rules of Civil Procedure. In their memorandum in support of that motion, defendants argued that:

> "Plaintiff effectuated personal service of the [d]efendants more than five (5) years after the complaint was filed in the Superior Court and close to seven (7) years after the alleged incident. As such, pursuant to Rule 4([l]), this matter should be dismissed for failure to obtain service."

The defendants went on to state: "In addition, under Rule 4l(b)(l), the [p]laintiff has failed to prosecute this action for over five (5) years."

A hearing on the motion was held on April 27, 2015, at which defendants reiterated the arguments that they had advanced in their memorandum. In response, plaintiff highlighted his previous attorney's failure to serve process within the preceding five years. He further noted that the complaint had been served immediately after plaintiff retained new counsel. The plaintiff admitted, however, that both the hiring of new counsel and service of the complaint were accomplished after the five-year period set forth in Rule 41(b)(1) had elapsed.[2] Despite the lapse

---

[2] "The court may, in its discretion, dismiss any action for lack of prosecution where the action has been pending for more than five (5) years, or, at any time, for failure of the plaintiff to

of time, plaintiff argued that the "savings section in the statute" allowed the motion justice to reinstate the case, "upon a showing of preventing injustice."[3] Finally, plaintiff averred that this case fit the factual scenario required for the action to proceed, because he had served process and was ready to engage in discovery. The motion justice inquired into the reason for the delay in service, to which plaintiff's new attorney replied: "[I]t's through no fault of Mr. Duffy himself, but his previous counsel who—." The motion justice cut short this argument, stating: "Mr. Duffy acts through his attorney. If Mr. Duffy has a problem, he gets into a problem because of the neglect of his attorney * * *."

In the end, the motion justice dismissed the action, with prejudice, under Rule 41(b). He based his ruling on the length of time that the case had lain dormant, noting that "both parties at some point in time after an incident occurred and after suit is filed have a right to think that, you know, things should have been settled." The court cited to our opinion in the case of *Norcliffe v. Resnick*, 694 A.2d 1210 (R.I. 1997), holding that prejudice to the defendant was not a necessary consideration in this case. On May 4, 2015, an order entered granting defendants' motion to dismiss with prejudice; and, on May 12, 2015, plaintiff timely appealed to this Court. However, we remanded the case for entry of final judgment; and, on September 8, 2016, final judgment entered.[4] Plaintiff then submitted an amended notice of appeal on March 9, 2017.

---

comply with these rules or to proceed when the action is reached for trial." Super.R.Civ.P. 41(b)(1).

[3] The statute that plaintiff likely referred to is G.L. 1956 § 9-8-6, which provides: "Any case dismissed under §§ 9-8-3—9-8-5, may be reinstated by the court with or without terms upon motion within one year from dismissal, *if the court deems it proper to prevent injustice*." (Emphasis added.) Section 9-8-3 is the statutory authority for Rule 41(b) of the Superior Court Rules of Civil Procedure. *Compare* § 9-8-3 *with* Super.R.Civ.P. 41(b). Thus, § 9-8-6 would provide authority for a motion justice to reinstate a case that is involuntarily dismissed under Rule 41(b).

[4] It appears that the delay in the appellate process was due in part to that remand.

## II

## Standard of Review

"It is well settled that abuse of discretion is 'the applicable standard to be used by [this Court] when reviewing a [motion] justice's dismissal of a civil action for lack of prosecution,' pursuant to Rule 41(b)." *Cotter v. Dias*, 130 A.3d 164, 168 (R.I. 2016) (quoting *Coates v. Ocean State Jobbers, Inc.*, 18 A.3d 554, 558 (R.I. 2011)). "Thus, 'this Court must determine whether [the motion justice's] findings are supported by the evidence or whether in making such findings [he or she] misconceived or overlooked any material evidence.'" *Id.* (quoting *Coates*, 18 A.3d at 558).

## III

## Discussion

In this appeal, plaintiff argues that the motion justice abused his discretion in granting defendants' motion to dismiss under Rule 41(b)(2) because the court failed to consider whether the defendants had suffered any prejudice from plaintiff's five-year delay in serving the complaint. We disagree.

Rule 41(b)(2) states: "On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court, *or* for lack of prosecution as provided in paragraph (1) of [Rule 41(b)]." (Emphasis added.) Involuntary dismissal for any reason under Rule 41(b), "other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits[,]" and, thus, is a dismissal with prejudice. Super.R.Civ.P. 41(b)(3). Accordingly, Rule 41(b)(2) clearly grants discretion to a motion justice to dismiss a case with prejudice in one of two manners, which have differing requirements under our caselaw.

- 4 -

First, "[i]n considering a dismissal motion [under Rule 41(b)(2) for lack of prosecution], a trial justice must weigh the equities between the parties." *Cotter*, 130 A.3d at 168 (quoting *Coates*, 18 A.3d at 560). "On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay, and [o]n the other hand, there is the desire to dispose of cases on their merits." *Id.* (quoting *Coates*, 18 A.3d at 560). "When weighing the equities, the court 'need not view the evidence in a light most favorable to the plaintiffs.'" *Id.* (quoting *Bergeron v. Roszkowski*, 866 A.2d 1230, 1237 (R.I. 2005)). "Also, it is well settled in our jurisprudence that '[m]ere delay is not enough to warrant dismissal for lack of prosecution.'" *Id.* (quoting *Harvey v. Town of Tiverton*, 764 A.2d 141, 143 (R.I. 2001)).

Second, we have held that "[p]ursuant to Rule 41(b)(2) * * * a trial justice may grant a defendant's motion to dismiss for a plaintiff's failure to comply with the rules of civil procedure." *Norcliffe*, 694 A.2d at 1212. More specifically, "[a]n unreasonable delay in procuring service of process constitutes noncompliance with Rule 4 * * * for which dismissal may be granted pursuant to Rule 41(b)(2)."[5] *Id.* From our review of the record, this was the basis for the motion justice's dismissal in the present case.

---

[5] Rule 4(l) provides, in pertinent part:

> "If service of the summons, complaint, Language Assistance Notice, and all other required documents is not made upon a defendant within one hundred and twenty (120) days after the commencement of the action the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

In *Norcliffe*, the case cited by the motion justice, the defendant filed a motion to dismiss under Rule 41(b)(2) for failure to serve process within a reasonable time, after the plaintiff had waited fourteen months to serve the complaint and summons. *Norcliffe*, 694 A.2d at 1211. Without determining that the defendant had been prejudiced by the delay, the trial justice in that case held that the delay in service was unreasonable and dismissed the complaint under Rule 41(b)(2). *See id.* at 1211-12. On appeal, in response to the plaintiff's request that we "require a showing of prejudice to the defendant as a precondition to dismissal under Rule 41(b)(2)[,]" we held that "[a] showing of prejudice * * * *is not required* to sustain a trial justice's dismissal of the complaint for a plaintiff's failure to comply with the requirements of Rule 4." *Id.* at 1212 (emphasis added). We also noted that the "plaintiffs' fourteen-month delay in effectuating service on defendant [was] presumptively unreasonable." *Id.* This Court then went on to hold: "Having found that the fourteen-month delay in effecting service of process was unreasonable and inexcusable, the trial justice did not abuse his discretion in dismissing the complaint." *Id.*

Here, plaintiff posits that the motion justice abused his discretion because the court did not consider the possible prejudice to defendants from the delay in service. The plaintiff offers no explanation for the delay, but instead proffers that he should not suffer for his previous attorney's lack of diligence. In ruling on defendants' motion to dismiss, the motion justice held:

> "And I think the point that has to be made here is that where there's a delay of this magnitude, seven years from the time of the incident, five years from the time of the filing of the complaint and absolutely nothing has happened, that a message has got to be sent that the rules—we might as well just throw the rules away if we allow this lawsuit to be re-filed. I think this is a classic case of where Rule 41(b) should require a dismissal with prejudice."

Although the motion justice acknowledged that he "ha[d]n't heard anything from the [d]efendant[s] to show that they ha[d] been prejudiced by the delay," he specifically cited our

holding in *Norcliffe*, that a showing of prejudice was not necessary to rule on a Rule 41(b)(2) motion for failure to comply with Rule 4. *See Norcliffe*, 694 A.2d at 1212.

Given the five-year delay in serving the complaint, which is significantly longer than the fourteen-month delay that we held was "presumptively unreasonable" in *Norcliffe*, and the lack of any explanation for such delay, we cannot say that the motion justice abused his discretion in dismissing the plaintiff's complaint under Rule 41(b)(2). *Norcliffe*, 694 A.2d at 1212; *see Ricci v. Ricci*, 689 A.2d 1051, 1053 (R.I. 1997) (holding that a seven-and-one-half-month delay in service was sufficient for the trial justice to dismiss a complaint under Rule 41(b)(2), where plaintiff failed to proffer a good cause for the delay). We note that "'[t]he widest discretion must be given to calendar justices and trial justices' in managing a trial calendar, a task that is 'among the most difficult of all judicial assignments.'" *Coates*, 18 A.3d at 558 (quoting *Bergeron*, 866 A.2d at 1235). Moreover, one of the main purposes of Rule 41(b) is to ensure the efficient and expeditious resolution of controversies; this purpose would be undermined were we to allow plaintiff to proceed with his complaint, even if his previous attorney was responsible for the delay. *See Harvey*, 764 A.2d at 143. Therefore, we affirm the final judgment granting defendants' motion to dismiss pursuant to Rule 41(b)(2).

## IV

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. We remand the papers to that tribunal.

Justice Flaherty did not participate.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Antonio P. Duffy v. Town of West Warwick, by and through its Finance Director, Malcolm Moore, et al. |
| **Case Number** | No. 2017-132-A.<br>(KC 10-33) |
| **Date Opinion Filed** | December 4, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Bradley M. Orleck, Esq.<br>For Defendants:<br><br>Kathleen A. Hilton, Esq. |

SU-CMS-02A (revised June 2016)